STATE OF MISSOURI, Defendant in Error, *v.* JOHN M. COU-PENHAVER, Plaintiff in Error.

1. *Evidence—Jury—Misconduct.*—One of the jurors cannot be ·a witness to prove misconduct of the jury in making their verdict.
2. *Criminal Practice—Filing Indictment.*—The omission of the clerk to enter upon the indictment the date of its filing is no ground for arresting the judgment.

*Error to Polk Circuit Court.*

HOLMES, Judge, delivered the opinion of the court.

This case is submitted upon the record, without briefs. We have examined the record and find no sufficient ground for the reversal of the judgment.    A motion for a new trial was overruled.  The ground of the motion was that the jurors had rendered the verdict upon an agreement among themselves, when they retired, that they would take a vote upon the question of guilty or not guilty; and that if a majority should be in favor of finding the defendant guilty, or not guilty, the verdict should be rendered accordingly : and the defendant offered to call two of the jurors to prove the fact. This testimony was excluded.   The law is well settled that a traverse juror cannot be a witness to prove misbehavior in the jury in regard to their verdict—Pratte v. Coffman, 33 Mo. 71; Sawyer v. Hann & St. Jo. R.R. Co., 37 Mo. 264.

Another objection was made a ground for a motion in arrest, that the record did not show when the indictment was found and returned into court.   It was endorsed "a true bill," signed by the foreman, but the date of the filing does

not appear ; but it sufficiently appears that the indictment
was filed and a capias issued for the arrest of the defendant.
This omission constitutes no valid ground for a motion in
arrest—State v. Clark, 18 Mo. 432.

Some other reasons were assigned for the motion in arrest.
They were immaterial, and need not be specially noticed.

Judgment affirmed.   The other judges concur.