## NEEDHAM G. SPIVEY v. THE STATE.

1. CRIMINAL LAW.    *Practice in Supreme Court.    Sect. 1433, Code of 1880, construed.*

The provision of the act on page 200 of the Laws of 1878 was substantially reënacted in sect. 1433 of the Code of 1880, as follows : "No judgment in any criminal case shall be reversed because the transcript of the record does

not show a proper organization of the court below, or of the grand jury, or that the prisoner was present in court during the trial or any part of it, or that the court asked him if he had anything to say why judgment should not be pronounced against him upon the verdict; nor shall any such judgment be reversed because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court." This provision has the effect to establish the presumption, in every criminal case in this court subject to its operation, that the judgment of the Circuit Court is correct, unless the appellant can show by the transcript of the record in his case that he made complaint in the court below of the particular matter wherein he here assigns error.

2. SAME.  *Practice in Supreme Court.   Absence of indictment from record.*
 Where the transcript of the record of a criminal case appealed to this court shows that all of the proceedings in the court below were regular, except that it contains no copy of the indictment, this court, under the statutory provision above quoted, will not entertain an objection to the judgment on the ground of such absence of the copy of the indictment, if the record shows that the appellant was tried, found guilty, and sentenced without making an objection as to the absence of the indictment.

MOTION in Supreme Court.

The character and purpose of the motion are stated in the opinion of the court.

*T. C. Catchings*, Attorney-General, for the motion.

1. No objection having been made in the court below in reference to the indictment, none such can be made here ; and therefore it is of no consequence that the transcript contains no copy of the indictment.   Code 1871, sect. 2884; Acts 1878, p. 200.

2. But if this court should deem it material that the transcript should contain a copy of the indictment, the case should be continued, to enable the State to supply the defect by having the Circuit Court to supply the loss.   As to the power of the Circuit Court to supply such loss, see *Bradford* v. *The State*, 54 Ala. 230 ; *The State* v. *Howson*, 10 Yerg. 542.

3. If the presence of the copy of the indictment is immaterial, the motion should be overruled.

*T. C. Catchings*, Attorney-General, also made an oral argument.

*L. Brame, contra*, by appointment of the court.

The motion must be overruled. The court is bound to reverse the judgment and remand the case. *Beardall* v. *The State*, 4 Texas Ct. App. 631; *Hitchcock* v. *The State*, 21 Ind. 279; *Buckner* v. *The State*, 56 Ind. 208. When the case is remanded, then it is for the court below to proceed with the prosecution, either by substituting the indictment, as in *Bradford* v. *The State*, 54 Ala. 230, or by new indictment, as laid down in *Bradshaw* v. *The Commonwealth*, 16 Gratt. 507, and authorities there cited.

*L. Brame* made an oral argument also.

CAMPBELL, J., delivered the opinion of the court.

This is a motion, by the attorney-general, to continue this case, "in order that proceedings may be had in the Circuit Court to supply the record by furnishing a copy of the lost indictment, so that the record here may be perfected." The object of the motion, as the attorney-general stated at the bar, is to ascertain the view of the court as to the necessity for the record here to contain a copy of the indictment; and if it is necessary, by what proceeding it may be made to contain this copy, in view of the alleged loss of the indictment since the trial below. The prisoner objects to any delay, and insists on his right to have the case tried here upon the record as it is, as the return to a *certiorari* shows no indictment on file in the court below, and that he must have a new trial awarded because the record here does not contain the indictment under which he is said to have been convicted.

The record shows the due organization of the Circuit Court, the empanelling of a grand jury; that the grand jury, of sixteen men, came into court, and through their foreman presented to the court, indorsed, "a true bill," and with this, signed by their foreman, each of the sixteen concurring, an indictment for murder, which was "filed," docketed, and numbered 45 by the clerk; that the prisoner was arraigned upon a bill of indictment for murder, No. 45, and pleaded thereto not guilty, and claimed a special *venire*, which was ordered;

that in the case of "*The State* v. *Needham G. Spivey, for murder, No. 45,*" came a jury, before which the prisoner was brought, which rendered a verdict of guilty of murder; that the prisoner moved to set aside the verdict on various grounds, not alleging that there was no indictment; that this motion was overruled, to which he excepted and tendered a bill of exceptions, which was signed by the judge; that the prisoner was asked if he had anything to say why the sentence of the law should not be pronounced, and he had nothing to say, and was sentenced to be hanged, and appealed to this court.

There being no indictment in the record before us, the question is, whether it is essential that it should contain the indictment, and without it will the court award a new trial?

By an act in the Acts of 1878, p. 200, it is declared that no judgment in a criminal case shall be reversed because the transcript of the record in the Supreme Court fails to show certain things specified, the absence of which before had been ground for reversal, " nor for any errors or omissions occurring before sentence, which might have been taken advantage of in the court below, and which shall not have been so taken advantage of, unless said transcript shows that these errors and omissions were taken advantage of by motion or otherwise in the lower court; and when said motions are made in the lower court, it shall always be competent for the court to amend any improper entries, or supply any omissions, so as to make the record conform to the facts as they occurred."

In *Ex parte Phillips*, 57 Miss. 357, this act was considered, and it was said : "Assuming the constitutionality of the statute of 1878, which devolves upon the defendant the duty of attacking in the lower court the errors and omissions complained of, it is plainly incumbent on him to show in this court that he did so attack them, and hence it is his duty to see that the record properly embodies and sets out the motions or objections urged by him in the lower court with that view."
It was further said by the court : " The only change wrought by the statutes under consideration is in shifting the legal pre-

sumptions as to the matters covered by their language. To such matters, *when the record is silent,* the courts are now required to apply the maxim, *Omnia præsumuntur rite esse acta.*" In that case the record failed to show a *valid* indictment because of imperfect entries by the clerk of the empanelling of the grand jury, and its presenting the indictment, and that it was duly " filed ; " and there were other defects which, but for the act of 1878, would have been fatal on writ of error.

The Code of 1880, sect. 1433, is a substantial reënactment of the act of 1878 above quoted.

The effect of this legislation is to establish the presumption in the Supreme Court, in every criminal case, that the judgment of the Circuit Court is correct, and it must be affirmed unless the appellant shall show that he made complaint of it in the court below in the particular matter wherein he assigns error in this court. The law is founded in the reasonable presumption that the Circuit Court will not permit a man to be tried without the formal accusation of crime which the Constitution and laws require as the condition precedent to his being called to answer, and that such court will do all things right ; or that the person sought to be tried, condemned, and punished will make every available objection to the proceeding against him, and make a memorial of such objection for use in this court in its review of the proceedings ; and if the accused finds nothing to object to in the progress of the case in the Circuit Court, and the record here does not show that he made objection in that court, this court must assume that nothing occurred below to which he could object, and the judgment of the Circuit Court must stand.

It is not to be supposed that a man will be arraigned for murder, and plead not guilty, and be tried and found guilty, and endeavor to have the verdict set aside, and, failing in this, be sentenced to suffer death, and not once make the objection that there is no indictment against him, without which the whole proceeding would be a farce. It is morally certain in

this case that there was an indictment duly presented in open court by the grand jury, and "filed" by the clerk, on which the appellant was arraigned and to which he pleaded, and on which he was tried, found guilty, and sentenced. Without an indictment he could not have been arraigned; he would not have pleaded or been tried; he could not have been found guilty; he would not have moved for a new trial, as he did; and he would have interposed the want of an indictment as a sufficient shield from the terrible doom of a sentence to die for a crime never charged.

It appearing from the record of the proceedings of the Circuit Court that the appellant was tried on a charge of murder, and found guilty by the verdict of a jury, and sentenced, without making the objection of the absence of any indictment against him, the judgment must be conclusively presumed to have been the *sentence of the law, upon proper proceedings*.

The appellant must produce the transcript of the record of the proceedings resulting in his conviction, and must show by it that the judgment is wrong, and that he complained in the court below of the error of which he complains here. If he fails to file a transcript of the record in this court by the time prescribed by law, his appeal will be dismissed, whereby the judgment of the court below will be affirmed. If he files a transcript here, which shows a trial and verdict and judgment in the court below, and nothing more, the presumption established by the statute that the judgment is correct must prevail, and it will be affirmed.

The Circuit Court has jurisdiction to try and punish for crime. If its record shows it has done so, it is, on appeal, to be presumed to have acted properly and judged rightly in the matter, and the appellant must suffer the consequence of inability to show the contrary, and that he is merely repeating and urging in this court the objections fruitlessly urged below.

The judgment of a court of record, with full jurisdiction of the subject-matter and of the person, imports verity. It is presumed to be correct. He who would avoid it must over-

turn this presumption.  To do this on appeal he must present a transcript of the proceedings of the court below, and show error in its action, and that he made the matter complained of here a ground of exception, so as to point it out in the court below.

Were the loss of the indictment after verdict of guilty a ground for reversal, a powerful temptation to crime, committed in the interest of the convict, in order to abstract or destroy the indictment, would be presented.  A knowledge of the fact that neither a destruction of the indictment or other record of a criminal case will in any manner avail the accused, may prevent many a court-house from being burned, and many a theft of indictments from being committed.  Happily for the cause of public justice, we are enabled to announce that wholesome and judicious legislation has made the absence of the indictment on which a person is tried and found guilty entirely immaterial.  The judgment is presumed to be founded on an indictment which could not be objected to, as it was not objected to at any stage in the progress of the case in the court below.

Motion denied.