## GEORGE HOLLAND v. THE STATE.

1. CRIMINAL LAW.    *Aiding escape of prisoner.    Sect. 2791, Code 1880, construed.*
   Sect. 2791 of the Code of 1880 provides, that "every person who shall convey into the penitentiary, jail or other place of confinement, any disguise, instrument, arms, or other things, proper or useful to any prisoner in his escape, with intent thereby to faciliate the escape of any prisoner lawfully committed to, or detained in such prison, jail, or place, for any felony whatever, whether such escape be effected or attempted or not, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years." This provision does not require that the person whose escape is intended to be

facilitated must be guilty of felony or known or believed to be by the person doing what it forbids, in order to render such person liable to its penalty. It makes guilt to consist in the effort to aid to escape from prison one who is lawfully there on a charge of any felony.

2. INDICTMENT. *Time. Sect. 3013, Code 1880, construed.*

It is not a good objection to an indictment for aiding prisoners to escape that no time is specifically laid in the indictment for the commission of the crime in view of sect. 3013 of the Code of 1880, which provides that " no indictment for any offence shall be held insufficient, for omitting to state the time at which the offence was committed, in any case where time is not of the essence of the offence, nor for stating the offence imperfectly, nor stating the offence to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened."

3. SAME. *Filing by clerk. Evidence of what.*

Where an indictment is marked "filed" and this entry is dated and signed by the clerk as provided by sect. 3006 of the Code of 1880, this is the legal evidence of the finding and presenting to the court of the indictment.

APPEAL from the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

George Holland was indicted for aiding prisoners charged with felony, to escape from the county jail of Clay County. The indictment is as follows: " The grand jurors of the State of Mississippi, elected, empanelled, sworn and charged to inquire in and for the body of the county of Clay, upon their oaths present, that on the 2d day of March, A. D. 1883, in said county, one Aleck Smith was then and there lawfully detained as a prisoner in the county jail of said county on a charge of grand larceny ; also one Daniel Kennedy was then and there lawfully detained as a prisoner in said jail on a charge of ' rape ; ' also one Harry McCartry, was then and there lawfully detained as a prisoner in said jail on a charge of ' grand larceny,' and also one William Mitchell was then and there lawfully detained as a prisoner in said jail on a charge of ' grand larceny.' And so the jurors aforesaid upon their oath aforesaid on the day and year aforesaid in the county aforesaid do present that George Holland, late of said county, and while said prisoners were so detained as aforesaid, did, then and there, feloniously convey into said jail a certain piece of a bar of iron and a certain hatchet being

then and there things proper and useful to said prisoners in making their escape from said jail with the felonious intent thereby to facilitate the escape of said prisoners from said jail, whereby and by reason of the aforesaid premises the said prisoners did then and there unlawfully make their escape from said jail against the peace and dignity of the State of Mississippi."

The defendant moved to quash the indictment on the following grounds : " 1. Because the year of the term of this court, and all the dates mentioned in the caption, and in the body of said indictment are in figures or characters. and not written out in full as by law they are required to be. 2. Because said indictment is double in this that it prefers one set of charges against said defendant and another set of charges against the said prisoners in said jail, and the defendant cannot tell whether he is indicted or whether it is the said prisoners that were intended to be indicted.  3. Said indictment does not charge any offence against the laws of the State of Mississippi.  4. Said indictment seeks to charge a statutory crime against the defendant, but does not charge any crime under the statute of this State in the language of the statute or in language of equivalent import to that used or employed in the statute."  This motion was overruled, and the case going to trial the defendant was convicted and thereupon entered a motion in arrest of judgment on the following grounds : " 1. Because the indictment upon which the defendant was tried shows upon its face that it was presented on the second day of March, 1883, a day when the court was not in session.  2. Because the indictment upon which the defendant was tried charged no offence against the laws of the State of Mississippi.  3. Because the indictment upon which the defendant was tried shows upon its face that it was found and presented when there was no court in session, and that it was an illegal and unconstitutional presentment.  4. Because said indictment does not appear to have been found by a lawfully constituted grand jury, nor does it appear to have been

presented as law indictments are required to be presented and filed." This motion was overruled, and from the judgment of the court sentencing defendant to the penitentiary, he appealed to this court.

*Fred. Beall,* for the appellant.

1. The indictment does not state the crime charged with sufficient certainty. 2 Hale, 169 ; 1 Chitty's Cr. Law, 168 ; *Murphy* v. *The State,* 24 Miss. 590 ; 28 Miss. 637.

2. The indictment does not charge that the crime was committed on a specific day, and this vitiates it. 1 Chitty's Cr. Law, 217.

3. The indictment being based upon sect. 2791 of the Code of 1880, it should follow the language of the statute or language should be used therein which is equivalent to the words used in the statute. For this reason the indictment is not good. 1 Chitty's Pl. 322 ; 1 Chitty on Cr. Law, 282 ; 1 Hale, 517 ; *Hays* v. *The State,* 57 Miss. 783.

4. Under sect. 2791 of the Code of 1880, the person whose escape is facilitated must already have been convicted of some felony before the person who aids in his escape is guilty of any crime within the meaning of the statute. At least the person assisting in the escape must believe that the prisoner whose escape is facilitated to be guilty of a felony.

5. The indictment on its face appears to have been found by the grand jury and presented by them on the 2d of March, 1883, when on that day no court was in session.

This vitiates the indictment.

*J. L. Harris,* for the State.

1. Time is not of the essence of the offence charged and the omission, if such there be, to state with particularity does not vitiate. Code 1880, sect. 3013.

2. The next assignment of error necessitates a construction of sect. 2791 of the Code. It is contended by counsel for defence that the " prisoner " referred to therein, must have committed a felony in fact, for which he must have been brought

to trial and convicted before defendant can be arraigned, etc. It is apparent from the language of the statute that such is not its sense. It provides that every person who shall convey into the " penitentiary, jail, or other place of confinement " any disguise, etc., with intent to facilitate the escape of any prisoner, etc., detained in " such prison, jail, or place," shall be punished. A felon convict is confined in the penitentiary, and if the act only apply to those who endeavor to facilitate their escape, the words " jail, or other place of confinement," are useless. But statutes are to be construed so as to give effect and operation to each and every word used therein, unless manifest absurdity result therefrom. When the Legislature intended that the " prisoner " should have been convicted of the offence charged it is so provided in express terms. Sect. 2793 provides that the prisoner shall have been lawfully committed " in execution of any conviction for any criminal offence." It is fair to presume that the same language would have been used in sect. 2791, had the intent been the same. It is not necessary to aver or prove that the defendant knew of the charge against the " prisoner." This peculiar offence, by our statute, is substantive and original, and not governed by the principles and rules applicable to accessories. There would be no reason in this requirement. It is conclusively presumed that a party knew of the charge against a person to facilitate whose escape from jail he would take the risk of committing a felony. Where the party is not confined in jail but is at large, no such presumption exists, and it is necessary to aver or prove knowledge of the felony. See record in case of *Westbrook* v. *The State*, 52 Minn. 777 ; 26 Mo. 199 ; 2 Archb. Cr. Pr. & Pl. 1871 ; 1 Hale's P. C. 606 ; 1 Russ. on Cr., sect. 597.

3. There is no error in the instructions.

4. The indictment sufficiently describes the offence of the party rescued. 15 Mo. 590 ; 10 Ala. 236.

CAMPBELL, J., delivered the opinion of the court.

Section 2791 of the Code of 1880 does not require that the person whose escape is intended to be facilitated must be guilty of felony or known or believed to be by the person doing what it forbids in order to render such person liable to its penalty. It makes guilt to consist in the effort to aid to escape from prison one who is lawfully there on a charge of any felony. Only legal methods of escape from legal detention must be employed, and he who provides means of escape from prison for one lawfully held for a felony is himself declared by the statute a felon, without regard to the guilt or innocence of the prisoner whose escape is sought to be promoted. All that is necessary to constitute guilt under this statute is that one is lawfully in some place of legal confinement for a felony, and that another shall convey into such place something proper or useful to a prisoner in his escape with intent thereby to facilitate the escape of any such prisoner.

A careful examination of the several grounds of the motion to quash the indictment has satisfied us that it was rightly overruled.

The same is true of the motion in arrest of judgment. The allegation of time is unimportant. Code 1880, sect. 3013. The indictment was marked " filed," and this entry was dated and signed by the clerk, as provided by sect. 3006 of the Code, and this was the legal evidence of the finding and presenting to the court of the indictment. The criticism of the indictment by counsel, because, according to its averment, it was presented the 2d March, when court was not in session, is met by the fact that the legal evidence of the finding and presenting to the court of the indictment shows that it was on the 21st of March ; and, looking through the record, it is manifest that the words in the indictment on which the criticism is founded were erroneously employed in connection with the allegation of the presentment by the grand jury instead of after the names of the accused. They were merely misplaced, and this did not make the indictment bad.

We find no error in the instructions, and are unwilling to reverse the judgment because the Circuit Court refused to set aside the verdict. .

Judgment affirmed.