## J. W. WILLIAMSON v. THE STATE.

1. VENUE. *Change of. Trial on indictment. Section 3063, Code 1880. Criminal practice.*

   On a change of venue in a criminal case the defendant cannot be tried on the original indictment, but only on a properly certified copy thereof, by virtue of § 3063, Code of 1880, which provides that "the defendant, on the change of venue, as aforesaid, shall be tried on a copy of the indictment so certified, as aforesaid." *Browning* v. *The State,* 30 Miss. 656, cited.

2. CRIMINAL LAW. *Change of venue. Indictment without indorsements. Case in judgment.*

   W. was indicted for murder in the county of U. The venue was changed to the county of T. The transcript sent by the clerk of the county of U. to the court of T. County contained an indictment without any indorsements of "filing," etc., which are made, by § 3006, Code of 1880, evidence of an indictment being found and presented to the court. The defendant objected to being tried upon such indictment, but his objection was overruled, and he was tried and convicted. *Held,* that the defendant is entitled to a new trial because of the error in trying him upon such indictment.

APPEAL from the Circuit Court of Tippah County.
HON. W. S. FEATHERSTON, Judge.

J. W. Williamson was indicted in Union County for murder. The venue was changed to Tippah County on the application of the defendant, and he was there tried and convicted. He appealed to this court. Before being put on trial the defendant objected to going to trial on the following grounds among others: (1) "Because there is no transcript of the indictment in this cause with the indorsements thereon certified as the law directs;" (2) "because there is no such transcript of the record in this cause as the law requires;" (3) "because there is no legal certificate of the transcript of the record in this cause." After conviction, the defendant made a motion for a new trial on the following grounds: (1) "The court had no jurisdiction of the case, because there is no certificate of the circuit clerk of Union County or legally authorized deputy to the record on which defendant was tried;" (2) "because the defendant was tried upon what purported to be the original indictment, and not upon a transcript, as the law requires;" (3) "because said certificate does not show that the indictment on which the defendant was tried was ever marked 'filed,' as the law requires;" (4) "because the transcript of the record in this cause, on which the defendant was tried, does not show the indorsements on the indictment as required by law." The appellant assigns for error the action of the court in overruling his objections to going to trial and his motion for a new trial.

*J. H. Dalton* and *Z. M. Stephens*, for the appellant.

There was no certified transcript of the indictment with the indorsements thereon as required by law. Code 1880, § 3062.

Section 3063 is peremptory that, on change of venue, the defendant shall be tried on a copy of the indictment certified as required by § 3062.

The court acquired no jurisdiction of the case. The clerk certifies to the original indictment, but does not certify to those indorsements and entries on the same which the law requires, and which make up the legal proof of the finding and presenting of the indictment. Without a certificate to these indorsements and entries there is no legal proof of the indictment.

We contend that on change of venue a defendant cannot be tried

on the original indictment. The statute is peremptory that he shall be tried on a copy, etc. Section 3063, Code 1886. If it is held that we are wrong in this, then we say the paper which purports to be the indictment has no indorsements or entries on it. The indictment must have indorsements and entries on it of the marking, dating, and signing by the clerk, which constitute the proof of the finding and presenting to the court. Code 1880, § 3006. There is no proof in the record that an indictment was ever found or returned into court.

It must appear that the indictment was found by a grand jury and returned into court, and this must appear from the record. *Jenkins* v. *State*, 30 Miss. 408 ; *Leewin* v. *State*, 26 Miss. 174.

In *Browning* v. *State*, 30 Miss. 656, the court say that, " If not conferred by the legislature, it would clearly be illegal for the clerks of the circuit courts to part with the original papers or records pertaining to a prosecution therein pending." This was under a statute which did not point out the manner in which the change of venue should be effected.

Under our present statute the mode is plainly pointed out. If it be contended that the certificate of the clerk to original indictment carried all that belonged to it, then, we answer, he could not do an illegal act. If it be contended that the term original was a clerical error and means copy, then we answer that he has not certified to enough.

On this point the case should be reversed.

*J. H. Dalton* also argued the case orally.

*Frank Johnston* filed an elaborate brief on the same side discussing the evidence and instructions in the case.

*T. M. Miller*, Attorney General, and *W. R. Harper*, for the State.

The record of the indictment contains everything necessary to show that the indictment was found, and the certificate indicates that it was a copy, if that be absolutely essential. An omission to page what evidently was the indorsement may have been a clerical error. If not, the clerk, supposing it to be a part of the indictment itself, and not being able to put it all on one page,

placed it immediately after the indictment without paging it, probably to indicate that it was a part of the indictment. This at least is a reasonable explanation. But however this may be, the fact remains that the record sent to Tippah County does contain everything necessary for it to contain. See *Loper's Case*, 3 H. 429; *Knithleby's Case*, 10 S. & M. 192, as to the construction of records on a change of venue.

The Attorney General also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

It appears from the record that appellant was tried on the original indictment found in Union County contrary to § 3063 of the code, which provides that, on change of venue, the defendant shall be tried on a certified copy of the indictment. Under that section of the code a defendant, on change of venue, must be tried on a copy of the indictment, certified according to the statute. Such was the conclusion reached by this court at a time when the statute was silent as to whether the trial, in such case, should be on the original indictment or a certified copy thereof. *Browning* v. *The State*, 30 Miss. 656. There was no authority of law to send the original indictment from Union to Tippah County. Under our statutes, it could perform no office in the latter county. On a change of venue in a criminal cause, the certified transcript and papers required to be transmitted to the county to which the trial is removed become and are taken as the original record, papers, and proceedings in the cause, and they have the same force and effect as the originals.

On this branch of the subject another defect appears in the record. What purports to be the indictment upon which appellant was tried is without entries or indorsements thereon. It wants the marking "filed," with the date thereof signed by the clerk, which § 3006 of the code makes the evidence of an indictment being found and presented to the court. A paper, with proper entries and indorsements for such indictment, is in the record, but neither the clerk of Union nor Tippah County certifies that it contains the entries and indorsements on the indictment, or that it is any part

of the record.   The objections made to the indictment should have
been sustained, and because they were not, the judgment is reversed
and the cause remanded, without considering other errors assigned.

*Reversed and remanded.*