## REBECCA LEA *v.* THE STATE.

1. INDICTMENT. *Sufficiency of. Indorsements thereon. Section 3006, Code 1880. Case in judgment.*

    The indorsements upon an indictment were, "a true bill. J. H. M., foreman of grand jury;" a rubber stamp impression, "filed April 13, 1886, G. C. M., clerk," and an indorsement, signed by the clerk, M., in his own handwriting, reciting that the grand jury came into open court, more than twelve being present, and returned, under oath, "this true bill, which was then and there received by the court and filed by the clerk, this, the 13th of April, 1886." *Held,* that the indorsements thereon were sufficient to identify the indictment with the one returned by the grand jury, and to authenticate it as one properly returned under ¿ 3006, Code of 1880, which requires that indictments be marked "filed" and that "such entry be dated and signed by the clerk." If the stamped signature of the clerk was not good, it was cured by the written one.

2. WITNESS. *Credibility of. Evidence. Criminal practice.*

    It is not competent, for the purpose of attacking the credibility of a witness testifying against a defendant charged with "gaming," to show that such witness has testified in many other State cases at the same term of court, and has received pay for attendance as a State's witness every day (more than a week's time) since the taking up of the State docket.

3. GAMING. *Indictment against several persons. Evidence to convict one. Case in judgment.*

    Under an indictment which charges that L., M., C., and P. on a certain date "unlawfully did play at a game of dice for money, to wit, for the sum of ten cents, and for other sums of money," L. may be convicted upon proof that he had, within the period prescribed by statute for the prosecution of such offenses, played the game named with *any* person, such indictment being construed to charge a separate offense against each defendant. *Strawhern & Grizzle* v. *The State,* 37 Miss. 422, cited.

4. CRIMINAL PRACTICE. *Continuance. Affidavit for. Insufficiency of. Case in judgment.*

    L., who was indicted for "gaming," filed an affidavit for a continuance, in which she set out that two of her witnesses, J. and G., were absent; that she had caused subpoenas to be duly issued for them; that both were present at the time the crime is alleged to have been committed, and that both would swear that she was not guilty of the act charged; that G. had been in the town where the court was being held the day before, and that he was then only eighteen miles distant at a camp; that she believed that both could be had under compulsory process at the next term of court to testify in her be-

half, and that she had had no opportunity thus far to obtain such process. The district attorney admitted that both witnesses would swear as above set out, and the court refused to continue the case. *Held*, that the action of the court was correct. *Lamar* v. *The State*, 63 Miss. 270, cited.

APPEAL from the Circuit Court of Marshall County.

HON. W. S. FEATHERSTON, Judge.

The grand jury of Marshall County found an indictment against Rebecca Lea for gaming. The second count of the indictment was as follows:

"That Becky Lea, Mose Lumpkin, Celia Pryor, and Mary Pryor, late of said county, on the 12th of April, 1886, in said county unlawfully did play at a certain game and games of dice for money, to wit, for the sum of ten cents, and for other sums of money, and for other things of value, to the grand jurors unknown, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi."

On this indictment the following words were indorsed in writing:

"A true bill."

        "J. H. McCLATCHEY, Foreman of Grand Jury."

And the following words were indorsed by a rubber stamp impression:

"Filed, April 13, 1886.

           "GEO. C. MYERS, Clerk."

Then followed an indorsement in this language:

"This day came into open court the grand jury, there being then and there present more than twelve of their number, including their foreman, and by the hand of their foreman returned under oath, into open court, this written true bill of indictment, which was then and there received by the court and filed by the clerk this the 13th day of April, 1886—*subpœnas and capiases* issued.

           "GEO. C. MYERS, Clerk."

The signature to this indorsement was not stamped, but written.

Before the case was called the defendant filed an affidavit for a continuance in the following language:

"Defendant says that she cannot safely go to trial in the above

stated case at this term of the court, on account of the absence of Henry Green and John Jackson, for whom she at the last term of this court caused subpœnas to be duly issued returnable to the present term of court, which have been returned ' not found.' By both of said witnesses she expects to prove that they were present when the said game of cards or dice is alleged to have been played on which the indictment in this case is based ; that they were present and saw what was done ; that they saw the said game, and knew the parties who did take part in it, and that this defendant did not play at said game, or take any part in it, and that she had nothing whatever to do with said game of cards or dice. Affiant further makes oath that the said Henry Green was in the town of Holly Springs on yesterday, the 15th of October, 1886, and affiant learns left here yesterday evening for the avowed purpose, on his part, of going to the camp of Mr. Wright, about eighteen miles from Holly Springs, on the M., B. & A. R. R. Affiant says that said witnesses are not absent by her consent or procurement, that she regards their presence as necessary to her defense, and that she expects to have one or both of said witnesses here to testify in her behalf at the next term of this court. She believes that compulsory attendance of one or both of these witnesses can be had at next term, and she has had no opportunity of obtaining such process." The district attorney admitted that the witnesses, if present, would testify as set out in defendant's affidavit. The court refused defendant's application for a continuance and she excepted.

On the trial the State introduced one George Garrett as a witness. On cross-examination, he answered, " I do not know how old I am, and did not at any time or place tell Becky Lea, the defendant, that I never saw her play dice for money, but that I was after the money and could make a dollar and a half a day." Defendant here offered to prove that witness had been in regular attendance as a State's witness every day of the term since the State docket had been taken up, and that his mother (he being a minor) had already received, on account of witness certificates issued to him, twelve dollars, and that he was now entitled to six dollars more.

The court declined to allow such evidence, and the defendant excepted.

The court instructed the jury for the State as follows:

"1. If the jury believe from the evidence that Becky Lea did, within two years prior to the finding of the indictment in this case in Marshall County, Miss., play a game of dice for money with Mary Pryor, Celia Pryor, and Mose Lumpkin, alone as charged in the indictment, then she is guilty under the second count in the indictment, and the jury should so find. Or if the jury believe from the evidence that the defendant at any other time within two years next before the finding of this indictment, and in Marshall County, Miss., did play at a game of dice with any one else for money or for any other thing of value, then the jury should find the defendant guilty as charged in the second count in the indictment."

The court refused the following instruction for the defendant:

"4. Before the jury can convict the defendant, as charged in the second count of the indictment, they must believe, from the evidence, that the defendant, at some time within two years next preceding the filing of the indictment, played at the alleged game of dice with Mose Lumpkin, Celia Pryor, and Mary Pryor for money, and proof, if any has been made, of other games, at other times, with other parties, will not justify a conviction under the second count of the indictment."

The jury found the defendant guilty. She moved to arrest the judgment because the indictment " is not a legal and valid indictment, it not having been returned into court and marked ' filed,' and such entry and date signed by the clerk as required by law." The court overruled the motion, and refused to set aside the verdict. The defendant appealed.

*Fant & Fant*, for the appellant.

1. This court will take judicial cognizance of the fact that the Marshall circuit court was at time of trial of this case in the second week of its term, with two full weeks of the time allotted by law before it, and the exercise of a sound and wise discretion would have suggested the resetting of the case to a later day of the term, and

to have required some effort toward executing the subpœna, which was granted and issued at defendant's request on the morning of the day of her trial, all benefit of which was denied her by forcing her to trial on the afternoon of the same day.

*Long* v. *State*, 52 Miss. 23, is authority for us, as the material facts set out in the affidavit for continuance were proved by no other witness, and the record is evidence that they were not and could not be proved by any other witness. Passing the case in the morning, and ordering the subpœna issued, must be taken as conclusive evidence that the circuit judge considered defendant as being guilty of " no laches," otherwise she would have been forced to trial at once.

2. The defendant was prejudiced by the refusal of the court to allow her to prove that George Garrett, through his mother (he being a minor), had attended court as a State's witness until his fees for that week had amounted to or approximated twenty dollars, and we were entitled to everything that could be legitimately proved which tended to discredit him and throw doubt on his testimony.

3. The court entertained a mistaken view of the law, as shown in the giving of charge No. 1 on behalf of the State, and in refusing to charge the jury as requested in charge No. 4 for the defendant.

To permit the State to charge the defendant with playing with certain persons, and allow proof that she played not with those persons, but with others, and at other times and places, would deprive her wholly of her constitutional right to be informed of the nature and cause of the accusation against her, and would be a trap to mislead her and put her on trial for an offense different from that the indictment informed her she was called to meet.

It may not be out of place here to refer to the following authorities in support of our position that defendant is entitled to know, or be informed of the nature and cause of the offense she is called to meet, *Murphy* v. *State*, 24 Miss. (2 Cush.) 590 ; *Williams* v. *State*, 42 Miss. 328 ; *Riggs* v. *State*, 26 Miss. (4 Cush.) 51, holding that every material circumstance in regard to time and place

must be averred with that degree of certainty which is sufficient to exclude every other intendment.

It was material in our case to prove, as the indictment averred, that defendant played with Lumpkin and the two Pryors. *Norris* v. *State*, 33 Miss. (4 Geo.) 373.

4. The motion in arrest of judgment should have been sustained, the indictment being fatally defective. Code 1880, § 3006.

" All indictments must be presented to the court by the foreman of the grand jury in the presence of at least twelve of the jury, including such foreman."

What evidence is required that this has been done?

The legal evidence is that such indictment must be marked "filed," and such entry *dated* and *signed* by the clerk. Nothing else is required. When that has been done it is a valid indictment. (Code 1880, § 3006).

This indictment bears no such legal evidence. It has not been marked "*filed*," and such entry dated and signed by the clerk of the court. It is *therefore not a valid indictment*. *Pond* v. *State*, 47 Miss. 39. Acts 1878, p. 199, Code 1880, § 3006.

It contains only this rubber stamp impression :

FILED,

APR. 13, 1886,

GEO. C. MYERS,

CLERK,

which any man, or outside person in possession of the stamp, or a similar one, could put there. It is not in the *handwriting* of any body, is signed by nobody, and is known to be not in the handwriting of the clerk of the court. The only " legal evidence " of the validity of the indictment is wanting. The indorsement on the back of the indictment does not cure this defect.

There never was and is now no law in existence requiring it to be placed on indictments by the clerk or any one else.

At best it is but a voluntary act of the clerk, without any authority in law, and can exert no influence here.

Besides all this, it purports to be nothing more than a recitation

of what had theretofore occurred, but which in reality had not occurred.

*T. M. Miller*, Attorney General, for the State, submitted the case orally.

COOPER, C. J., delivered the opinion of the court.

The indorsements upon the indictment are amply sufficient to identify it with the one returned by the grand jury, and to authenticate it as an indictment properly returned. If it be conceded that the stamping of his name on its back by the clerk could not be a substitute for his written signature, the defect is cured by the other certificate of filing properly signed by him.

It was not competent for the defendant to prove, for the purpose of attacking the credibility of the State's witness, Garrett, that he had testified as a witness in many other State cases at the same term of the court ; such evidence would not prove nor tend to prove that he ought not to be believed.

We are unable to distinguish the indictment in this case from that in *Strawhern & Grizzle* v. *The State*, 37 Miss. 422, which was a prosecution under the same statute as now exists. In that case this court construed the indictment as charging the defendants severally with the commission of separate and distinct misdemeanors, and not with the commission of the same offense. Under this construction it was held that a conviction could be had upon proof that either of the persons indicted had played the games named for money with any person. Whether it is permissible to join in one indictment charges for separate and distinct offenses against separate individuals is not presented by the record in this case, since no objection was taken to the indictment either by demurrer or motion to quash.

We see no error in the action of the court in refusing the application of the defendant for a continuance. *Lamar* v. *The State*, 63 Miss. 270.

*Affirmed.*