WILLIAM R. K. STANFORD *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE.    *Code* 1892, § 1346.    *Return and presentment of indictments.*

> The exclusive evidence of the finding and presentation to the court by the grand jury of an indictment, under code 1892, § 1346, is the filing thereof and the dating and signing of the entry by the clerk.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

This case was a prosecution of appellant, Stanford, for a misdemeanor—unlawful cohabitation. The indictment was not marked filed by the clerk at the term of court at which it was found, as required by code 1892, § 1346. At the next following subsequent term, the court permitted the clerk to mark it filed. A motion to quash the indictment was interposed, on the ground that there was no legal evidence identifying it, which motion the court below overruled. The trial resulted in the conviction of Stanford, from which he appeals.

*F. V. Brahan*, for appellant.

The objection to the indictment was properly raised, by motion to quash, and it should have been sustained. Section 1355 annotated code, 1892.

There can be no legal evidence of the finding and presenting to the court of an indictment, except it be marked filed, dated and signed by the clerk. Section 1346, code of 1892.

Sections 26 and 27 of the constitution are mandatory as to prosecutions by indictment or information, and the law pro-

vides what is necessary to give validity to indictments.     *Smith*
v. *State*, 58 Miss., 867;  *Cooper* v. *State*, 59 Miss., 267;  *Holland* v. *State*, 60 Miss., 939;  *Williamson* v. *State*, 64 Miss.,
229.

*Wiley N. Nash*, attorney-general, for the appellee.

WHITFIELD, J., delivered the opinion of the court.

The "marking" the indictment filed, dating it, and signing
the entries on it, by the clerk, are made, by § 1346 of code of
1892, the exclusive "legal evidence of the finding and presentation of the indictment." This was not done in this case, at
the term at which the alleged indictment was found. *Ita lex
scripta est.* The demurrer should have been sustained.

Judgment reversed, indictment quashed and cause remanded.
Appellant will be held to answer such new indictment as the
grand jury may prefer against him.