WOOTEN v. STATE.

(En Banc. Nov. 25, 1929.)

[125 So. 103. No. 28202.]

**W. T. Weir,** of Walnut Grove, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Leake county of unlawfully possessing intoxicating liquor, and fined one hundred dollars. From that judgment appellant prosecutes this appeal.

The question was raised by appellant on this appeal for the first time that the indictment does not contain the circuit clerk's filing indorsement. There is the following indorsement on the back of the indictment: ''No. ———. The State of Mississippi v. Hugh Wooten. A true bill. E. J. Jolly, Foreman of the Grand Jury. Witnesses: Mrs. Bruce Harrell, Mrs. Annie Harrell. Filed ——— day of 19—. ———, Clerk.''

The record certified up by the clerk contains, first, a recital in the usual form of the organization of the circuit court in which the appellant was indicted, tried, and convicted. The minutes of the court contain this language: ''There came on for trial and disposition, among other causes pending on the docket of said court at said term, the following, to-wit: The State of Mississippi v. Hugh Wooten, wherein the following proceedings were had and done of record, to-wit.''

Then follows the indictment upon which appellant was tried, with the indorsement on its back above set forth. Following the indictment is the recital: ''The defendant being arraigned and required to plead to said indictment, plead not guilty, whereupon the trial proceeded as follows.''

Appellant's position is that the indictment in the record is not sufficiently identified as the indictment returned against him by the grand jury, and upon which he was tried and convicted, because of the absence of the filing indorsement of the clerk of the court. To sustain that contention appellant relies on Stanford v. State. 76 Miss. 257, 24 So. 536. In that case, the court held that

the clerk's filing indorsement on the indictment was "the exclusive 'legal evidence of the finding and presentation of the indictment,' " but the question was not raised for the first time on appeal. It was raised by demurrer in the trial court.

There is no decision of our court holding that this question can be successfully raised, for the first time, on appeal; but there are decisions of this court, as well as of courts in other jurisdictions, to the contrary. Article 257, chapter 64, page 614 of the Revised Code of 1857, and section 1418, Code of 1906, Hemingway's Code 1927, section 1235, contain substantially the same language with reference to the clerk's filing indorsement on indictments. They both provide that indictments must be marked filed by the clerk of the court, and that such entry be dated and signed by the clerk.

In Lee v. State, 45 Miss. 114, there was no filing indorsement of the clerk on the indictment. The question of the identity of the indictment was not raised in the trial court, but was raised for the first time in the supreme court. The court held that a recital in the record "that 'on the 12th day of October, 1869, the grand jury of said county filed in said circuit court of said county aforesaid, an indictment in the words and figures following,' etc. [a copy of the indictment following under which the defendant was tried]," was sufficient to show that the indictment was duly presented and filed as required by law, it not appearing that any objection was made in the court below to the indictment as not having been filed.

In Green v. State, 28 Miss. 687, the question was, as here, the identity of the indictment upon which the defendant was tried and convicted. The court, in passing on the question, stated the pertinent recitals in the record, and the holding of the court in the following language:

" 'No. 400. The State v. George N. Green.' 'This day the grand-jury, under the care of their proper officer, by the hands of their foreman, John Robertson, returned into open court a bill of indictment against George N. Green, the defendant in this case, for murder, indorsed by the foreman of said grand-jury a true bill.' Then immediately follows the indictment, answering the description of it contained in this entry, and indorsed and numbered in the same manner as the entry. Immediately following is an entry of the case, with the same number and style of parties above stated, showing the arraignment on the indictment and the plea of not guilty. The same circumstances of identity, the number of the case, the style of the parties, and the designation of the offence, appear in various other proceedings taken in the case, until it was removed to Marshall county for trial. If it was not sufficiently certain from the fact of the indictment immediately following the entry of its return into court by the grand-jury, that the indictment thus appearing in the record was the bill found by the grand-jury, all reasonable doubt upon the point must be removed by these additional evidences of identity."

Authorities from other states bearing on this question will be found collated in 31 C. J., p. 588, section 55, and 10 Encyc. Pl. & Prac., pp. 416 and 417.

The courts of some jurisdictions hold that statutes of this character are not mandatory, but only directory; others hold that they are mandatory. The Florida, Iowa, and Missouri courts hold that the question cannot be raised for the first time by a defendant by motion in arrest of judgment after verdict, or on appeal. Willingham v. State, 21 Fla. 761; Pittman v. State, 25 Fla. 648, 6 So. 437; Hughes v. State, 4 Iowa, 554; State v. Coupenhaver, 39 Mo. 430.

The case of Hays v. State, 96 Miss. 153, 50 So. 557, 558, involved a question close akin to the question here

involved—so close that the principle there declared is controlling here. The requirement that grand juries be sworn before proceeding with their duties is mandatory. It was held in Cody v. State, 3 How. 27, Abram v. State, 25 Miss. 589, and Foster v. State, 31 Miss. 421, that it must affirmatively appear from the record that the grand jury had, in fact, been sworn. In other words, that the record of the proceedings was the *exclusive evidence* as to whether or not the grand jury had been sworn. The effect of the holding in those cases was that the absence of such evidence was fatal to the indictment, and could be raised by the defendant either on motion in arrest of judgment, or on appeal, for the first time. The court held in the Hays case that section 1413 of the Code of 1906, section 1229 of Hemingway's 1927 Code; section 1426 of the Code of 1906, section 1243 of Hemingway's 1927 Code; and section 1427 of the Code of 1906, section 1244 of Hemingway's 1927 Code, changed the rule declared by the court in those cases. It was said, among other things, in the Hays case: ''The effect of the statutes above referred to is to change this rule, and now, where the record is silent as to matters of this character, and no objection thereto has been made before verdict, the court is required to presume that the same have been rightfully and regularly done. Ex parte Phillips, 57 Miss. 357.; Spivey v. State, 58 Miss. 743. This is true, even though the matter complained of is jurisdictional in its nature. The statute does not provide that the court may proceed with the trial of the cause without doing those things necessary to invest it with jurisdiction, but simply that, after the trial has proceeded to verdict without objection, the court will conclusively presume, so far as those matters referred to in the statute now under consideration are concerned, that the same have been rightfully and regularly done. In other words, the defendant is not cut off from raising the jurisdic-

tional question, but the statute merely limits the time in which the same may be raised.''

Section 1413 of the Code of 1906, section 1229 of Hemingway's 1927 Code, provides, among other things, that no verdict or judgment in a criminal case shall be arrested, reversed, or annulled, after the same is rendered, for any defect of form which might have been taken advantage of before verdict. Section 1426 of the Code of 1906, section 1243 of Hemingway's 1927 Code, provides, among other things, that all objections to an indictment for any defect appearing on the face thereof shall be taken by demurrer to the indictment, and not otherwise, before the issuance of venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterwards.

We hold, under these statutes, that this question cannot be raised, for the first time, on appeal. To so hold does not trench upon the decision in the Stanford case. The holding in that case that the clerk's filing indorsement on the indictment was the exclusive legal evidence of the finding and presentation of the indictment is confined to the question when raised in the trial court. If it is not raised there, but on appeal for the first time, then, under the Lee and Green cases, the identity of the indictment may be shown otherwise by the record.

If this question could be raised for the first time on appeal, it would mean that the failure of the clerk to put his filing indorsement on the indictment would render the whole proceeding void, and the defendant would be entitled, after conviction, to his discharge on habeas corpus. And, in such a case, if he had been acquitted and indicted again for the same offense, he could not plead autre fois acquit in defense of the second indictment. The court will not be driven to such a conclusion unless there be no reasonable escape therefrom.

Appellant contends that the judgment is erroneous because the evidence failed to show whether the crime of

which he was indicted and convicted was committed before or after the indictment was returned. This question is also raised for the first time in this court. Appellant was indicted at the April, 1928, term of the circuit court of Leake county, and tried and convicted at the following November term of the court. The indictment charged the offense to have been committed "on the ——— day of April, 1928." The evidence tended to show that the crime was committed some time during that month, but whether before or after the indictment is not made certain. Appellant made no objection on the ground of the insufficiency of the evidence in that respect, nor was any instruction requested by appellant, directing the jury to acquit him unless the evidence showed that the crime was committed before the indictment was returned.

Section 4936, Code of 1906, section 3417, Hemingway's 1927 Code, provides, among other things, that no judgment in a criminal case shall be reversed "because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court." The error complained of is not jurisdictional in character. The court had jurisdiction of the subject-matter and of appellant. The evidence was ample to show that appellant was guilty of the crime for which he was indicted and being tried. The only fault in the evidence was that it failed to show whether the crime was committed before or after the indictment was found. On proper objection by appellant in the trial court, the state would have been given an opportunity of showing that fact.

This statute was held to be constitutional in Ex parte Phillips, 57 Miss. 357; Spivey v. State, 58 Miss. 743; and Fleming v. State, 60 Miss. 434. And in several cases, this court has construed the statute to mean that errors

predicated upon the admission and rejection of evidence cannot be availed of in a criminal case for the first time in the supreme court. Matthis v. State, 80 Miss. 491, 32 So. 6; Kaufman v. Foster, 89 Miss. 388, 42 So. 667; Hardeman v. State (Miss.), 16 So. 876 (not officially reported); Alexander v. State (Miss.), 22 So. 871 (not officially reported).

Affirmed.

**Ethridge, J.,** delivered the dissenting opinion.

The appellant was convicted in the circuit court of Leake county for the offense of unlawfully possessing intoxicating liquor and fined one hundred dollars, from which judgment he appeals to this court.

The principal question raised on the appeal is that there was no indictment upon which the appellant could be lawfully tried. There is in the record the form of the indictment purporting to be returned at the April, 1928, term of the circuit court of Leake county; there is no indorsement by the clerk upon this indictment as required by section 1235, Hemingway's 1927 Code, section 1418, Code of 1906. The matter upon the back of the indictment is as follows: "No. ——— The State of Mississippi v. Hugh Wooten. A true bill. E. J. Jolly, Foreman of the Grand Jury. Witnesses: Mr. Bruce Harrell, Mrs. Annie Harrell. Filed ——— day of ———, 19—. ———, Clerk."

The blanks above shown were on the printed part of the indictment and not filled in by any one. When this appeared in the record, we had inquiry made as to whether this was a clerical error in omitting the requirements of the statute, and find that the alleged indictment was never so marked and filed at all, in fact. The appellant was tried at the November, 1928, term of the court, and there is no entry in the record whatever to show that an indictment was actually returned into court by

the grand jury at the April term, 1928, other than as stated above; there being no entry of the minutes of the April term in the record now before us. The record was certified by the clerk in the usual form, but it appears that there never was in fact any marking of the alleged indictment filed by the clerk or dating it as is required by the above section. There is a recital in the record, "there came on for trial and disposition, among other causes pending on the docket of said court at said term, the following, to-wit: The State of Mississippi v. Hugh Wooten, wherein the following proceedings were had and done of record, to-wit." Then follows the alleged indictment upon which the appellant is supposed to have been tried, and the following entry in the record: "The defendant being arraigned and required to plead to said indictment, plead not guilty. Whereupon the trial proceeded as follows."

Section 1235, Hemingway's Code of 1927, section 1418, Code of 1906, reads as follows: "All indictments must be presented to the court by the foreman of the grand jury, with his name endorsed thereon, in the presence of at least twelve of such jury, including the foreman, and must be marked 'filed,' and such entry be dated and signed by the clerk; and an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment; and, unless the party indicted be in custody or on bond or recognizance, an entry of the indictment otherwise than by its number shall not be made at any time or for any purpose on the minutes or on any docket, nor shall any publicity be given to the fact of the existence of the indictment; but it shall never be made an objection to the indictment that it was improperly entered on the minutes

or docket. And warrant for the person indicted shall immediately issue and be served on the person so indicted.''

This court has construed the statute in several cases, and it has been held that the marking, dating, and filing by the clerk is the exclusive legal evidence of the finding of the indictment. Stanford v. State, 76 Miss. 257, 24 So. 536. This decision was rendered at the November term, 1898, and the indictment in that case was not marked and filed by the clerk at the term of the court at which it was found, as required by section 1346, Code of 1892, which is the same section without change as section 1235, Hemingway's Code 1927, supra. At the term next following the term at which the purported indictment was returned, the court permitted the clerk to mark it, ''Filed.'' The motion to quash the indictment was interposed on the ground that there was no legal evidence identifying it, which motion the court 'overruled, and placed the defendant at trial resulting in a conviction. The court rendered a short opinion which, in full, reads as follows: ''The 'marking' the indictment 'Filed,' dating it, and signing the entries on it, by the clerk, are made by section 1346 of the Code of 1892 the exclusive 'legal evidence of the finding and presentation of the indictment.' This was not done in this case at the term at which the alleged indictment was found. 'Ita lex scripta est.' The demurrer should have been sustained. Judgment reversed, demurrer sustained, indictment quashed, and cause remanded. Appellant will be held to answer such new indictment as the grand jury may prefer against him.'' With this construction placed upon the statute the legislature enacted. the Code of 1906, without changing the section and by all legislative rules of construction thus adopted the section with the construction placed upon it. Where the legislature so adopts a construction placed upon a statute, by re-enacting it

the court has no power or right to overrule the decision because the construction has been placed there by the court and adopted by the legislature. Miss. Ann. Dig., Title "Statutes," sections 2253 and 2254; Black, Int. Laws, p. 596.

However, prior to the case of Stanford v. State, supra, the court had in other cases held substantially to the same holding. Smith v. State, 58 Miss. 867; Cooper v. State, 59 Miss. 267; Holland v. State, 60 Miss. 939; Lea v. State, 64 Miss. 294, 1 So. 244; Williamson v. State, 64 Miss. 229, 1 So. 171. In the first case above cited, Smith v. State, 58 Miss. 867, the appellant was indicted at the July term, 1880, of the circuit court of Tishomingo county for murder; indictment was returned in court on the 12th, and a venire was drawn returnable on the 16th. An objection to the indictment being insufficiently shown to have been returned in court, the court held that the indorsement upon the indictment of the warrant filed by the clerk is sufficient evidence that the indictment was properly found by the jurors and returned in the court. The statute involved there was the same as section 1235, Hemingway's 1927 Code, which will be seen from a reading requires indictments to be presented to the court by the foreman of the grand jury with his name indorsed thereon in the presence of at least twelve of such jurors, including the foreman, and must be marked, filed, etc. In other words, the court held that the marking of the warrant "Filed" was sufficient evidence that the grand jury came into open court and presented the indictment in the presence of at least twelve of the jurors without any entry on the minutes to that effect.

In Marion Cooper v. State, 59 Miss. 267, the court held to the same effect, that is, if an indictment is marked "Filed" by the clerk with the date and his signature, this is evidence of its legal return into court by the grand jury, and the motion in arrest of judgment upon the ground of no return should be overruled where the record

so shows the marking and filing of the indictment by the clerk. Judge CAMPBELL, in the course of his opinion, said: ''The indictment was marked 'Filed' by the clerk, and this was dated and signed by him. 'This is 'evidence of the proper and legal return into court of such indictment.' ''

In Holland v. State, 60 Miss. 939, Judge CAMPBELL again, in construing the statute, said:

''A careful examination of the several grounds of the motion to quash the indictment has satisfied us that it was rightfully overruled.

''The same is true of the motion in arrest of judgment. The allegation of time is unimportant. Code 1880, sec. 3013. The indictment was marked 'filed,' and this entry was dated and signed by the clerk, as provided by section 3006 of the Code, and this was the legal evidence of the finding and presenting to the court of the indictment.''

The use of the word *the* in the above quotation is important because it precisely harmonizes with the ruling in the Stanford case. *The* refers to the particular and has an exclusive meaning, and it is manifest that the court in that case reached the conclusion that it was the only evidence. In other words, it is sufficient evidence of the entire compliance with the statute by the grand jury and the court.

I will not set forth the quotation from Lea v. State, 64 Miss. 294, 1 So. 244, and Williamson v. State, 64 Miss. 229, 1 So. 171, but reading these cases shows that they have the same philosophy and construe the statute in the same way that the above decisions do. It will be seen from the case of Stanford v. State, supra, that at the subsequent term to which the alleged indictment was found the court permitted the district attorney to have the indictment amended so as to have it marked, ''Filed,'' dated and signed by the clerk at that time, and proceeded to trial with the case. The court held that it could not be amended, and that it was in effect no indictment. In

other words, the question there presented is precisely the question here presented, and if the court could not sustain a conviction upon the indictment in that case it cannot do so in the present case. It is true that there was a motion to quash, which was overruled, but it could only then be quashed upon the theory that the indictment was void.

The legislature has full power to prescribe any reasonable rule as to how the finding and return of an indictment shall be established, and it has prescribed the rule as above stated. At the common law it was necessary for the grand jury to come into open court accompanied by at least twelve members of the jury and return the indictment in open court. A record of the proceeding was then made upon the minutes of the court, but beginning far back in the history of our state, at least as far back as the Act of the legislature of 1878, p. 199, the entry of the proceedings of the grand jury upon the minutes was not had until after the defendant had been arrested upon the indictment; that is, the style of the indictment was omitted from the record leaving the name of the defendant blank, and it only appeared by number. It, of course, is not challenged by any one that an indictment is essential to the jurisdiction of the court in proceeding in a particular offense against a particular defendant. While the circuit court has jurisdiction over crimes generally, by statute it has no jurisdiction over a particular case involving a crime, except by indictment in cases originating in the circuit court. It certainly could not be sustained to bring a party into court without any charge being presented against him and arraign him for a particular offense and proceed to try him, although he might, in ignorance of the law, fail to raise the question of the absence of an indictment or make any inquiry as to whether there was one or not.

Section 27 of the Constitution of 1890 provides: "No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law."

In Arbuckle v. State, 80 Miss. 15, 31 So. 437, 438, the court, speaking through Chief Justice WHITFIELD, discussed the principle that where a matter was jurisdictional it could not be waived, and overruled the case of Hunt v. State, 61 Miss. 580, and other cases which had held that even jurisdictional cases could be waived when they were not raised at a particular time. The court in that opinion said: "We think section 4370 of the Code of 1892 covers the character of objections made here as to the arraignment. No objection of any kind was made in the court below on the ground that the record showed no arraignment or plea of not guilty. Such failure to show arraignment and plea is cured by the failure to object in the court below. It was competent for the legislature to provide that the failure to object on the ground that there was omission in the record to show any fact not jurisdictional should preclude the appellant from making the point here, but it was not competent for the legislature to provide that the failure in the record to state jurisdictional facts might be so cured. Therefore we disapprove and overrule the declaration in Hunt v. State, 61 Miss. 580, that no case can be reversed in this court by reason of omission in the record to show jurisdictional facts."

Section 4370 of the Code of 1892 provided: "A judgment in a criminal case shall not be reversed because the

transcript of the record does not show a proper organization of the court below or of the grand jury, or where the court was held, or that the prisoner was present in court during the trial or any part of it, or that the court asked him if he had any thing to say why judgment should not be pronounced against him upon the verdict, or because of any error or omission in the case in the court below, unless the record show that the errors complained of were made ground of special exception in that court.'' This section, of course, was law at the time the cases above cited were decided, as was section 1229, Hemingway's 1927 Code, section 1413, Code of 1906. In construing this statute the court in Newcomb v. State, 37 Miss. 383, held that the statute applies only to such defenses in indictment as can be waived. Constitutional rights cannot be waived. Likewise section 1243, Hemingway's 1927 Code, section 1426 of the Code of 1906, provided that: ''All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterwards; and the court, for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.'' Likewise section 1244, Hemingway's 1927 Code, section 1427, Code of 1906, was in existence and was necessarily held not to apply to the cases like Stanford v. State, and like the one now before us.

In other words, when the indictment is not marked, ''Filed,'' and not dated and signed by the clerk, there is no evidence from which anybody can see there is an indictment; it cannot be proven in any other way; it is binding upon every person, every officer, including all the courts up to and including the supreme court. We

are as much bound by a reasonable legislative regulation as any other person is; our business is not to change the law to meet what we might think the exigency of a case, but our business is to follow the law as fixed by the legislature. When the legislature enacts a statute and the court construes that statute, and subsequently the legislature re-enacts the statute, the court then must adhere to the original construction placed upon it, whether the former decision was right or wrong in the judgment of the court. It may be said that the case of Lee v. State, 45 Miss. 114, holds that questions cannot be raised on appeal for the first time. I do not think that this case is applicable or controlling, it was decided under the law existing prior to 1871, and, of course, was not controlled by the act of 1878 changing the law with important respect in reference to the return of the indictment. In fact, the court did not hold that the objection could not be raised for the first time in the supreme court. It appears from that case that at the October term, 1869, of the Coahoma county circuit court, the grand jury of that county presented an indictment against the plaintiff in error, charging him with murder, the murder alleged to have been committed on the 7th day of June of that year. There was a plea in abatement to the indictment that there were colored men on the grand jury, to which there was a replication. A demurrer to the replication was overruled, and the defendant pleaded not guilty. It appears that this plea in abatement was that there were certain people on the grand jury who were not competent to serve thereon. The court said in regard to the objection to the indictment: "In regard to the objection that the indictment does not appear to have been filed, the record, page 1, recites, that 'on the 12th day of October, 1869, the grand jury of said county filed in said circuit court of said county aforesaid, an indictment in the words and figures following,' etc. Then

follows a copy of the indictment upon which the accused was tried. It seems to us sufficiently clear that the indictment was duly presented and filed as required by law''—citing Revised Code of 1857, page 614, article 257, which section directs the method of returning indictment in court, and it shall be marked, "Filed," by the clerk. But if this case holds contrary to the Stanford case it was overruled by that case, and the overruling of the case in legal effect was approved by the legislature.

In construing the Code of 1892, section 969, in reference to aiming or pointing a gun, the court in Lucas v. State, 71 Miss. 471, 14 So. 537, put a construction upon the statute, but in a subsequent case, Thomas v. State, 73 Miss. 46, 19 So. 195, and also Meyers v. State (Miss.), 23 So. 428, the court, without referring to Lucas v. State, placed a different construction upon it. In the case of Washington v. State, 76 Miss. 270, 24 So. 309, 310, the court was called upon to reconcile the conflict. The court said: "Counsel for appellant insist that under section 969, Code 1892, which, under the charge of murder, authorizes a conviction for the killing of another by the accidental or other discharge of firearms intentionally aimed at such other person, is unconstitutional; and that the cases of Thomas v. State, 73 Miss. 46, 19 So. 195, and Meyers v. State (Miss.), 23 So. 428, are contrary to Lucas v. State, 71 Miss. 471, 14 So. 537. The case of Thomas v. State, 73 Miss. 46, 19 So. 195, by necessary implication overrules, and was, doubtless, intended by the court to overrule, the Lucas case, and the decision in the Meyers case properly followed it." It is clear that if we apply the rule announced here as being the proper rule, the Stanford case, 76 Miss. 257, 24 So. 536, supra, overrules the Lee case, 45 Miss. 114, supra.

We have repeatedly held that where jurisdictional cases are involved, and the record does not show jurisdiction, this question can be raised in this court for the first time.

This has been held with reference to appeals from the justice courts to the circuit courts where the transcript of the justice court record was not certified to the circuit court, but trial proceeded without objection, 'that the question could be raised for the first time here, and that the circuit court had no jurisdiction. In a very recent case, Jones v. State (No. 28,075, Miss.), 123 So. 882, we reviewed the authorities upon this proposition, and overruled all other decisions which held that it could not be done. See also Bobbs-Merrill's Mississippi Annotated Digest, Title "Justice of the Peace," section 141, and cases there cited; Id., Title, "Indictment," section 186; Id., "Criminal Law," sections 1032, 1033.

It is clear therefore that the conviction in the circuit court not having a legal indictment in the record is void and should be reversed.

I do not think the case of Hays v. State, 96 Miss. 153, 50 So. 557, has any application to the case before us. The statute directing the foreman and grand jurors to be sworn, section 2348, Hemingway's 1927 Code, section 2701, Code of 1906, does not direct the fact to be noted on the minutes of the court in special terms, nor does it provide that the minutes shall be the exclusive evidence, nor what evidence shall be received to show whether the jury was sworn or not. It has been repeatedly held that it is not a jurisdictional question.

By section 2365, Hemingway's 1927 Code, section 2718 of the Code of 1906, it is provided that all provisions of law relating to the listing, drawing, summoning, and impaneling juries are directory merely; and a jury listed, drawn, summoned, or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury.

Section 2351, Hemingway's 1927 Code, section 2704, Code of 1906, provides that before the swearing of any

grand juror as such, he shall be examined by the court touching his qualification; and, after the grand jurors shall have been sworn and impaneled, no objection shall be raised, by plea or otherwise, to the grand jury; but the impaneling of the grand jury shall be conclusive evidence of its competency and qualifications; but any party interested may challenge or except to the array for fraud.

Such matters come within the provisions of section 1229, Hemingway's 1927 Code, section 1413, Code of 1906, but as is shown by the annotations under that section, and especially by the cases above cited, the statute only applies to such defects in the indictment as can be waived, and the constitutional rights cannot be waived. As stated above, it is a jurisdictional matter in a criminal case that an indictment shall be had before any prosecution originating in the circuit court can be tried. If the marking, dating, and filing of the indictment by the clerk with the signature of his name is the legal evidence of the finding, and the presenting to the court of the indictment, there is no way except by the statute that we may know the fact of such finding and return. As stated above, it is the exclusive legal evidence of that fact. The court cannot know that there is an indictment in any other way than that prescribed by the statute.

Judges Cook and McGowen concur in this opinion.