THOMAS WASHINGTON *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Indictment. Filing. Code* 1892, § 1346.

> After conviction, the accused cannot, for the first time, object that the indictment, returned at the term during which the trial took place, and then entered by number on the minutes, was not marked, "filed," until the evidence had been concluded and argument begun. *Stanford* v. *State,* 76 Miss., 257, distinguished.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Washington, the appellant, was defendant in the court below. He was indicted for an assault and battery with intent to kill and murder. The facts upon which the decision rests are fully stated in the opinion of the court. The defendant was convicted in the court below and sentenced to the penitentiary for a term of five years. From the conviction and sentence he appealed to the supreme court.

*Charles Chrisman* and *P. Z. Jones,* for appellant.

By § 1346, code of 1892, the indictment is brought into existence by the contemporaneous presentation in court by the grand jury and the marking of the same, "filed," by the clerk, and the dating and signing of such entry. No sort of juggling with words can change the effect of this statute and give it a different construction. The language in reference to the filing, etc., by the clerk is mandatory and not directory. Such filing, signing and dating by the clerk is made the only exclusive legal evidence of the finding and presenting of the indictment. *Stanford* v. *State,* 76 Miss., 257.

But it is said that the indictment is one thing and the evidence of the finding is another. How does the court know that it is an indictment unless it has evidence to that effect? Legal

evidence is the only evidence that can be considered in determining that question. This court has said in *Stanford* v. *State*, *supra*, that the signing, dating, marking and filing by the clerk is the exclusive legal evidence of the finding and presentation to the court of the indictment. The indictment and the evidence of its finding and presentment are one and the same thing. They come into existence simultaneously. The evidence is the life of the indictment, and without such evidence it has no vitality.

The material question, then, in this case is as to when "the indictment must be marked. 'filed' and such entry so dated and signed by the clerk." Is it before or after the trial of the defendant? The indictment should be found by the grand jury before trial. It should be presented by the grand jury to the court before trial. The court should have legal evidence of the finding and presenting of the indictment before trial. The marking, signing, filing and dating by the clerk is the exclusive evidence of such finding and presentment, and it necessarily follows that such marking, filing, dating and signing should precede the trial. If one step above mentioned may be omitted, all may be omitted; if one is essential, all are essential.

But, if we are wrong in the foregoing argument, then we submit that the procedure by which the indictment was made to bear the evidence of its finding and presentment, under the circumstances, was highly arbitrary and illegal. The court should have caused an issue to be made up to try the question as to whether the indictment had been lawfully presented by the grand jury. The district attorney, when he discovered that the clerk had not marked it "filed," should have brought the matter to the attention of the court and have asked for such an issue. He had no authority to make the change himself, nor to direct the clerk to make the change. Its effect was to perpetrate a wrong upon the appellant. When he was put on trial a material defect existed in the record, which could have been raised by motion in arrest of judgment. This right

was taken from him by the unlawful act of the district attorney and the clerk.

The appellant did not lose his right to take advantage of this question by pleading to the indictment. At that time it was apparent on the face of the record, and could have been raised by motion in arrest of judgment, had it not been altered. It was a vital defect that could be taken advantage of at any stage of the trial.

No legal evidence existing of the finding and presentment of the indictment at the time of arraignment and plea, there was nothing properly before the court for trial—nothing on which issue could be joined. It being impossible to join issue, there was nothing that the court could try. The arraignment and plea was a mere nullity, and the judgment rendered thereon was void, as also the verdict of the jury. No new arraignment and plea was entered when the indictment was brought before the court. The first arraignment and plea being void, it was necessary to have the appellant arraigned and plead again. He might have filed a different plea if given an opportunity. He might have pleaded in abatement on the new questions presented by the acts of the district attorney and the clerk in changing the indictment. A valid arraignment and plea is essential to a valid judgment in a criminal case—that is to say, in felony cases. *McQuillen* v. *State*, 8 Smed. & M., 587; *Wilson* v. *State*, 42 Miss., 639: *Cachute* v. *State*, 50 Miss., 172; 1 Bishop Crim. Proc., Sec. 733. A judgment rendered even in a civil case without issue joined is a nullity. *Steele* v. *Palmer*, 41 Miss., 88; *Porterfield* v. *Butler*, 47 Miss., 165.

*Monroe McClurg*, attorney-general, for appellee.

Counsel should have raised the objection before pleading to the indictment. The omission of the clerk was a mere clerical error; it did not go to the essence of the offense; it was a matter that may be waived, and it was waived. Code 1892, § 1354; *Peebles* v. *State*, 55 Miss., 434; *Isaacs* v. *State*, 48 Miss., 234;

*Hodnett* v. *State*, 66 Miss., 26; *Holland* v. *State*, 60 Miss., 939; *Cook* v. *State*, 72 Miss., 517.

*Stanford* v. *State*, 76 Miss., 257, decides that the marking, dating and signing required by § 1346 of the code could not be made at a subsequent term. During the term the court has entire control over its records, and may cause them to be amended or corrected even after trial. It did not matter that the grand jury had adjourned; it had nothing to do with it. *Miller* v. *State*, 53 Miss., 403; *Mobley* v. *State*, 46 Miss., 501; *Gamblin* v. *State*, 45 Miss., 658.

CALHOON, J., delivered the opinion of the court.

The indictment was duly presented by the grand jury into open court, May 11, 1900, and duly entered by the clerk by its number, but he omitted to mark it, "Filed." The defendant was arraigned on it, pleaded not guilty, and the trial proceeded, on the sixteenth day of the same month, to the point when counsel for defendant was making his last argument to the jury. Then the district attorney, for the first time, saw the omission, and had the clerk mark the paper filed as of the eleventh, the day of presentment. No objection was made until after conviction and sentence, when it was made on a motion for new trial, which the court overruled. *Stanford* v. *State*, 76 Miss., 257, s. c. 24 So., 536, is not in point. That case, which we approve, is put expressly on the ground that the filing was done at a subsequent term. Here the statutory custodian of the indictment, the clerk, at the same term, did his duty in supplying the omission, and this was done before the argument closed, and without objection interposed by the defendant.

*Affirmed.*