## OTHO BUCHANAN v. STATE OF MISSISSIPPI.

### [53 South. 399.]

CRIMINAL LAW AND PROCEDURE.  *Murder.  Indictment.*

> An indictment charging that defendant "did then and there wilfully, feloniously, and of his aforethought kill and murder" the decedent, is fatally defective, since it fails to allege malice, the essence of murder.

FROM the Circuit court of Covington county.

HON. ROBERT L. BULLARD, Judge.

Buchanan, appellant, was indicted and tried for and convicted of murder and appealed to the supreme court.  The indictment, omitting formal parts, charged that defendant "did then and there wilfully, feloniously and of his aforethought kill and murder Red Hays, a human being."

*E. L. Dent* and *G. H. Merrill,* for appellant.

The motion made by the defendant after the state rested to exclude all the evidence offered by the state and for the discharge of appellant should have been sustained.  The indictment does not charge murder for the reason that the word "malice" is left out which is always an essential element of the crime.  Without malice and premeditation there is no murder, for there is no deliberate design to effect the death of the person killed or of any human being, except as defined by subdivisions (b) and (c), section 1227, Code 1906, and certainly the indictment does not charge either one of those.  Except as defined by subdivisions (b) and (c), *supra,* to constitute murder, the act must be wicked and malicious to constitute the deliberate design, there must be a wicked or bad motive in the mind of the person charged.  The manner in which or the means by which the death of the deceased was caused is not set out in the indictment and as this is not done

we deem it necessary to charge in the indictment that the de-
fendant did feloniously, wilfully and of his malice aforethought,
kill and murder the deceased. See Code 1906, § 1431. If appel-
lant had wilfully, feloniously and of his aforethought killed the
deceased as is charged in the indictment, it could only have been
manslaughter because he could have done that without malice.
Without malice being charged in the indictment none could be
proved.

*James R. McDowell,* assistant attorney-general, for appellee.

For the first time, in the supreme court, the defendant con-
tends that the indictment is defective, and that in as much as
the word "malice" is omitted, only a verdict for manslaughter
could have been rendered, and, therefore, asks for a reversal.

The defendant has had two opportunities; First, under Code
1906, § 1423, he could have demurred to the indictment, when
the court would have then required the district attorney to
amend. Next, he had another opportunity on his motion for a
new trial. I submit, that he ought not to be permitted now to
raise the question, when he could so easily have raised it when
the opportunities presented themselves.

*Corley & McIntyre,* on same side.

The fact that the word "malice" is not contained in the indict-
ment is now immaterial. The defendant appeared and an-
swered the charge of murder, and was represented by able coun-
sel, and now for the first time seeks to take advantage of this
defect.

MAYES, C. J., delivered the opinion of the court.

In every indictment for murder it is essential to the validity
of the indictment that it contain the allegation that the killing
was done "willfully, feloniously, and of malice aforethought;"
else the indictment does not charge the crime. The indictment
on which Buchanan was tried left out the word "malice," and

is on that account fatally defective. This has been the consistent holding of this court since the case of *Jesse v. State*, 28 Miss. 100. The case of *Jesse v. State*, 28 Miss. 100, has too long been the settled law of this state for this court to disturb it now. It has been followed and approved in the cases of *Sullivan v. State*, 67 Miss. 350, 7 South. 275; *Maxwell v. State*, 68 Miss. 340, 8 South. 546; *Cook v. State*, 72 Miss. 520, 17 South. 228; *State v. Bardwell*, 72 Miss. 538, 18 South. 377; *Taylor v. State*, 74 Miss. 548, 21 South. 129; and *Hall v. State*, 44 South. 810.

The judgment is reversed and cause remanded, and prisoner held to await proper indictment.

*Reversed.*

