### DAVIS *v.* STATE.*

(Division A.   Feb. 21, 1927.)

[111 So. 564.   No. 25829.]

1. LARCENY. *Evidence of grand larceny held for jury.*
   Evidence in prosecution for grand larceny for the stealing of nineteen sheep *held* sufficient for jury.

2. INDICTMENT AND INFORMATION. *Order allowing amendment to indictment need not be filed, provided it is actually entered on minutes before trial.*
   Order permitting amendment to indictment need not necessarily be filed, provided it is actually entered on minutes before trial of case; hence clerical error of clerk in marking order as being filed after trial is immaterial.

---

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 264, n. 89; Indictment and Information, 31CJ, p. 826, n. 76 New; Larceny, 36CJ, p. 899, n. 34; p. 918, n. 25.

APPEAL from circuit court of Lamar county.
HON. J. Q. LANGSTON, Judge.

Albert Davis was convicted of grand larceny, and he appeals. Affirmed.

*Currie & Currie,* for appellant.

On February 4, 1926, the district attorney confessed a demurrer to the indictment and obtained leave of court to amend the indictment. The appellant was tried on February 9 and 10, 1926, and the order of the court allowing the amendment of the indictment was not filed with the clerk of the court and spread upon the minutes of the court until February 11, 1926, after the trial of the case, and for this reason a reversal of this case is unavoidable. Section 1267, Hemingway's Code (section 1509, Code of 1906); *Shirley* v. *State,* 43 So. 299.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

The record shows that a demurrer was filed to the indictment presented against the defendant; that on February 4 the district attorney confessed the demurrer and obtained leave of the court to amend the indictment. The indictment was thereupon amended on February 4, 1926. The supreme court record, however, shows that although the order was made on February 4, the same was not filed until February 11. Counsel, therefore, argue that there was no valid indictment presented against the defendant until February 11, and that date was after the defendant had been tried and convicted.

It is evident that the notation appearing on page 14 of the record, "Filed February 11, 1926. J. T. Tannehill, Clerk," is erroneous, and the answer to the *certiorari* issued by the supreme court shows that this was in fact a clerical error. The answer to the *certiorari* shows that the order of the judge allowing the amendment was granted on February 4 and that it was placed on the minutes of the circuit court for that day. Since this is true, the objection raised by counsel has been disposed of before it really becomes a question, and for this reason we consider it unnecessary to discuss the proposition further.

*Currie & Currie,* in reply, for appellant.

See section 1267, Hemingway's Code (section 1509, Code of 1906), dealing with the question of amendments to indictments. Under this statute it has been held that where an indictment was changed by the prosecuting officer, it should have been quashed, as an indictment can be amended only by an order of the court, spread on the minutes, and specifying the amendment as provided by paragraph 1509, Code of 1906. *Shurley* v. *State,* 90 Miss. 415, 43 So. 299. The plain import of this statute and of this decision is to give to the amendment the *effect,* in law, of a new indictment.

Now turn back to section 1174, Hemingway's Code (section 1418, Code of 1906) and you will observe that it declares that ''all indictments must be (1) presented to the court by the foreman of the jury, (2) with his name endorsed thereon, (3) in the presence of at least twelve of such jury, (4) including the foreman, (5) *must be marked filed,* and (6) such entry be dated, and (7) signed by the clerk, and (8) an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating and filing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.''

Under this statute this court has held that, ''The endorsement of the word 'filed' on the indictment and the date signed by the clerk is the evidence of the finding and return.'' *Smith* v. *State,* 58 Miss. 867; *Cooper* v. *State,* 59 Miss. 267; *Hollen* v. *State,* 60 Miss. 939; *Lee* v. *State,* 64 Miss. 294; 1 So. 244.

''An indictment not so 'filed' is invalid; that is, a trial cannot be had on it.'' *Williamson* v. *State,* 64 Miss. 229, 1 So. 171.

''The filing of an indictment, the dating of it and signing of the entry by the circuit clerk is the exclusive evidence of its finding and presentation by the grand jury to the court.'' *Stanford* v. *State,* 76 Miss. 257, 24 So. 536.

"Upon the receipt of the paper by the clerk, he is required to endorse thereon the word 'filed,' with the date of its presentation to him, giving the day, month, and year of such presentation—This endorsement is merely an official certificate of the receipt of the paper and the time of such receipt. It is the only evidence that the paper was received at the time certified in his official capacity, for the purpose of becoming a paper filed in the action." Fitnam's Trial Procedure, paragraph 453, pages 547-48; *Reed* v. *Action,* 120 Mass. 130; *Hamilton* v. *Beardslee,* 51 Ill. 478; *Eldred* v. *Malloy,* 2 Colo. 21.

We assert that the official act of the clerk of the court entered upon the order itself, containing as it does, and in the manner required by law, the word "filed" and the date of the filing, controls because as a matter of law the clerk would have no right to enter upon the minutes of the court any order which had not been filed with him as a part of the record in the case as required by the statute in this state.

The state must prove by the record in this case, beyond a reasonable doubt, just as it must prove any other material fact in the case, that the order of the court allowing and specifying the particular amendment was filed and was spread upon the minutes of the court prior to the trial of this case.

The record in this case shows conclusively that the trial of the appellant was concluded on February 10, one day before the order, according to the solemn entry of the clerk of the court thereon, expressly required by the state, was made on February 11, 1926; and it is earnestly submitted that there is absolutely no authority of law for the state or this court to treat the solemn entry of the clerk of the court on this original order allowing the amendment and specifying the particular amendments as a mere clerical error.

Argued orally by *N. T. Currie,* for appellant, and *Rufus Creekmore,* Special Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

The appellant was convicted in the court below of grand larceny for the stealing of nineteen sheep of the value of fifty-seven dollars and sentenced to one year in the penitentiary.

First. The counsel strenuously urges upon the court that the facts did not warrant a conviction for larceny. We have carefully read the testimony for the state and for the defendant, and, according to the theory of the state, the defendant, in the nighttime, stole nineteen of Burt's sheep, and was caught in the act about midnight by the officers of the law, who were waiting for him on the highway to come out with the sheep loaded on a truck. The state's theory was that there had been a division of the sheep between the father of the defendant and Burt, who had been partners for many years prior to the alleged dissolution, and the defendant was cognizant of all the facts of the division of the sheep, each partner having been given his share of the sheep. One of the officers testified that the defendant, when arrested, stated that there was no use to carry the sheep into Purvis; that they were "Uncle George's sheep, referring to George Burt, the prosecutor.

The defendant and his witnesses undertook to show that there had been no completed partnership settlement, and that the sheep belonged to appellant's father, from whom he had purchased them. There was some conflict as to whether or not there had been a settlement, all of which was submitted to the jury; whereupon the jury found, beyond reasonable doubt, against the appellant on the facts. Not being able to say that the jury was wrong, we cannot reverse this case in this state of the record.

Second. There was a demurrer to the indictment which was confessed by the district attorney, and the court allowed counsel to amend it by describing more accurately the sheep. By the original record, it appeared that the order permitting the amendment was not entered on the

minutes until the 11th day of February, 1926, which was after the trial and conviction of the appellant, Davis. However, the attorney-general secured a writ of *certiorari,* and the clerk in answer thereto filed a copy of the order showing that same was entered on the minutes of the lower court on February 4, 1926, after the demurrer was interposed, and several days before the trial of the case. The marking of the order which was copied on the minutes on February 4, 1926, as being filed on February 11th, was a clerical error on the part of the clerk. At any rate, the order on the minutes controls, and it is not necessary that said order be filed, provided it is actually entered on the minutes before the trial of the case. Therefore we think there is no merit in this contention of the appellant.

Third. There was no error in overruling defendant's motion for a continuance.

Taking the whole record, we can find no good reason for disturbing the verdict of the jury and sentence of the court below.

*Affirmed.*