272 So.2d 919 (1973)
Ada GAINES
v.
STATE of Mississippi.
No. 47149.
Supreme Court of Mississippi.
February 5, 1973.
John B. Gee, Vicksburg, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
*920 RODGERS, Presiding Justice.
The appellant Ada Gaines was indicted, tried and convicted in the Circuit Court of Warren County, Mississippi for the crime of murder. The jury fixed appellant's punishment at life imprisonment in the state penitentiary, and she was so sentenced.
The defendant has appealed to this Court and now complains that she did not get a fair trial in the circuit court for the following reasons. First  it is contended that the court erroneously permitted one Cicero Perkins to testify against her, because it was said that he was her common-law husband. The record does not sustain this claim for several reasons: Perkins had a living wife and could not contract another marriage; there is nothing in the record to show that the appellant and Perkins agreed to be man and wife under the common-law rule; and, moreover, common-law marriages had been abolished before the appellant began to cohabit with the witness Perkins. See Section 465.5, Mississippi Code 1942 Annotated (1956).
It is next argued that the trial court committed reversible error in granting an instruction to the jury for the state on the issue of manslaughter. The testimony introduced by the state shows that the appellant shot the deceased Haywood Bracey at a time when she was obviously shooting at Cicero Perkins, her paramour, as the result of an argument. She denied that there was any cause for shooting at Perkins. In fact, she denied shooting her pistol. She claims that Haywood Bracey attacked her, tore her clothing and beat her head against the floor, but she said she did not shoot him. If the manslaughter instruction is considered erroneous, it is clearly an error in favor of the defendant Ada Gaines.
The defendant made no objection to the manslaughter instruction given in her favor; nor did she request instructions on the subject. Since this case was tried after the effective date (June 1, 1971) of Rule 42, Mississippi Supreme Court Rules, we will not consider instructions given by the trial court unless specific objection is made to the trial court at the time the instruction is granted. Clark v. State, 260 So.2d 445 (Miss. 1972).
*921 The appellant mentions, but does not argue, the objection made to the testimony of Donald Ates, Criminologist, employed by the State of Mississippi Crime Laboratory. The objection was made as to the identity of a bullet, upon the ground that the equipment used in making a comparison of the fatal bullet and one fired from the pistol, was not brought into court. This objection is not well taken, because the tools used by the witness were large and unwieldy. The water tank alone had fourteen feet of water in it. It was not necessary for the witness to demonstrate before the jury the equipment used in order to testify as an expert witness.
We find no reversible error in the record of this case; therefore, the judgment and life sentence entered in the trial court will be affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.