279 So.2d 594 (1973)
Phillip JONES
v.
STATE of Mississippi.
No. 47404.
Supreme Court of Mississippi.
June 5, 1973.
Dyer, Dyer & Dyer, Greenville, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
In the Circuit Court of Washington County, appellant, Jones, was convicted of *595 selling marijuana. From a sentence of four years in the Mississippi State Penitentiary, he appeals to this Court. We affirm.
On April 8, 1972, James Smith, a narcotics agent, dressed as a hippy, met one Benny Spencer in Greenville, Mississippi, at the bar in a place known as "The Soul Shack." Smith began a conversation with Spencer about where he might purchase marijuana. Spencer arranged for Smith to meet appellant later that day in a shoeshine parlor where Agent Smith asked appellant to sell him marijuana. Appellant indicated that the sale could be consummated. Accordingly Smith paid appellant $20.00, whereupon appellant left the shoeshine establishment. He returned a few minutes later. Upon the return of appellant, Agent Smith walked out to appellant's car where appellant handed him the two bags for which he had been previously paid $20.00 by the agent. Upon examination and analysis, the contents of the two bags were determined to be marijuana.
The indictment charged that appellant sold marijuana to one Larry Smith, but during the trial it was learned that Smith's true first or given name is not Larry but James. The record shows that counsel for both the state and defense approached the bench and had a conference. Then the record shows that upon motion the court allowed the indictment to be amended by striking the name "Larry" and inserting the name "James." The record specifically shows that the court permitted the amendment and in the language used by the court, "there being no objection from the defense."
Appellant claims that reversible error was committed by the court permitting the indictment to be amended by changing the first name of the alleged purchaser of marijuana from Larry to James without an order authorizing it actually being entered on the minutes of the court. Mississippi Code 1942 Annotated section 2532 (1956) authorizes the amendment to an indictment in situations where a name is incorrect. The following section 2533 of said Code provides that the order permitting such amendment shall be entered on the minutes, et cetera. However, it is to be noted that Mississippi Code 1942 Annotated section 1987 (1956) provides that a judgment in a criminal case shall not be reversed because of any error or omission in the case in the court below except where the errors or omissions are jurisdictional in their character unless the record shows that the errors complained of were made ground of special exception in that court. Here we note that not only did the appellant fail to note any objection or complaint about the amendment during the trial, but the record affirmatively shows the absence of any objection to the amendment as made. Appellant filed a motion for a new trial before the Circuit Judge but said motion did not refer to the amendment to the indictment, or how the amendment was made, or the failure to timely enter upon the minutes of the court an order authorizing the amendment.
Appellant relies upon the case of Davis v. State, 146 Miss. 322, 111 So. 564 (1927). That case is no precedent for us to rely on here because there an order was actually entered on the court's minutes allowing the amendment. The rule of law applicable here is that contained in our decision rendered in the case of Richburger v. State, 90 Miss. 806, 44 So. 772 (1907). There the court specifically held that the point of law directed to the amendment of an indictment without an entry on the minutes of the court authorizing same cannot be heard for the first time on appeal. In the trial appellant waived any objection to the amendment, and made no point of the fact that the order authorizing the amendment was not entered upon the minutes of the court prior to actual making of the amendment. He waived his right to urge reversible error so far as the amendment is concerned. The rule is now well established in this state that objections and exceptions, not jurisdictional in nature, cannot be *596 raised for the first time on appeal. Ellis v. State, 254 So.2d 902 (Miss. 1971).
The only other point raised in this appeal by the appellant is that the court committed reversible error by granting certain instructions requested by the state. This case having been tried subsequent to June 1, 1971, when Mississippi Supreme Court Rule 42 was made effective, the appellant cannot now complain that the trial court committed error in the granting of the state's instructions since he made no objection to the same below. Gaines v. State, 272 So.2d 919 (Miss. 1973); Malley v. State, 271 So.2d 448 (Miss. 1973); Clark v. State, 260 So.2d 445 (Miss. 1972).
For the reasons set forth above, none of the errors assigned or urged on this appeal constitute reversible error and therefore we will let the conviction stand.
Affirmed.
GILLESPIE, C.J., and SMITH, SUGG and WALKER, JJ., concur.