289 So.2d 685 (1974)
Leslie S. PATTERSON
v.
STATE of Mississippi.
No. 47680.
Supreme Court of Mississippi.
February 4, 1974.
J.A. White, Durant, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Leslie (also known as Lessie) Patterson, appellant, appeals from the Circuit Court of Holmes County, Mississippi, in which court he was convicted of the crime of murder. He was sentenced to serve the remainder of his life in the Mississippi State Penitentiary. We reverse.
By grand jury indictment appellant was charged with the murder of one Ratcliff on November 23, 1972. Erroneous instructions require that appellant be granted a new trial and a detailed statement of the facts is therefore unnecessary. Appellant's admitted shooting and killing of Ratcliff was apparently the result of his disapproval *686 of the situation wherein Ratcliff had become the object of the affections of Mary Ann, appellant's alleged wife. The triangular affair ended in appellant's own residence where the killing occurred after appellant entered unannounced following a trip to another state. Appellant's trial strategy was in the main based upon a theory of self-defense. The state's case was that appellant unnecessarily shot and killed the deceased. Upon conflicting testimony the jury found appellant guilty as charged and without reciting the evidence, we point out that the verdict was amply supported by the proof. Likewise, the jury, by accepting his version, could have acquitted appellant but did not choose to do so.

I.
Appellant says that the trial court should have limited the jury to a consideration of manslaughter and excluded from the jury any consideration of the crime of murder. He bases his contention in this regard upon an oral motion made by him at the conclusion of the state's evidence, and upon his requested jury instruction (peremptory) number one which the court declined to give. In neither the motion nor the instruction was there any language that mentioned the crime or charge of manslaughter. Should the appellant have desired that the court restrict the jury to a consideration of manslaughter only, he should have said so in specific language in his oral motion or, in the alternative, he should have requested a jury instruction advising the jury that they could consider only a verdict of manslaughter. Absent a request for a manslaughter instruction, a trial court will not be put in reversible error for not instructing the jury on manslaughter. Sexton v. State, 274 So.2d 658 (Miss. 1973).

II.
Next, complaint is made by appellant of the action of the trial court in granting the instructions numbered three and five for the state. In the case of Berry v. State, 288 So.2d 457, decided January 14, 1974, this Court followed the rule that objection to instructions cannot be made for the first time on appeal as is attempted in the case before us. The record does not show that any objection was made in the trial court and therefore the complaint of appellant is not reached here. Jones v. State, 279 So.2d 594 (Miss. 1973); Gaines v. State, 272 So.2d 919 (Miss. 1973); Malley v. State, 271 So.2d 448 (Miss. 1973); Clark v. State, 260 So.2d 445 (Miss. 1972); Miss.Sup.Ct.Rule 42.
Since this case will be for retrial, it is appropriate to point out that the state's instruction number three should be revised to include the element of malice aforethought if the jury issue of murder is submitted to the jury. The state's instruction number five, without defining "malice aforethought," indicates that this element does not have to exist for any given length of time provided it existed "at the very moment the fatal shot was fired." (Emphasis added.) There appears to be some confusion as to this instruction but we point out at this time that any such instruction should make it clear to the jury that "malice aforethought" must pre-exist the infliction of a mortal wound in a murder case.
It is reversible error to give an instruction in such cases which contains language to the effect that malice aforethought may exist at the very instant that a fatal shot is discharged if an objection is made to the instruction. Nicholson v. State, 243 So.2d 552 (Miss. 1971); Dobbins v. State, 207 So.2d 96 (Miss. 1968); Davis v. State, 220 Miss. 818, 72 So.2d 172 (1954).

III.
The most serious proposition before us is whether or not reversible error resulted from the action of the trial court in refusing *687 to grant appellant's instruction number five which he requested. This refused instruction is as follows:
The Court instructs the Jury for the Defendant that murder is the unlawful killing of a human being with malice aforethought, and the burden of proof is upon the State to prove every essential element of the crime of murder beyond a reasonable doubt, and if the State fails to prove any or all of the essential elements of the crime beyond a reasonable doubt to the satisfaction of each of you, after a full and complete conference with your fellow jurors, it is the sworn duty of each of you under such circumstances to return a verdict of not guilty.
In this connection it is said by appellant that his refused instruction number five set forth above "contained the only legal definition of the crime of murder requested by either the state or the appellant." With this we must agree because a perusal of the state's instructions which were granted makes it clear that nowhere did any state instruction advise the jury that in order to constitute murder, the killing of a human being must be done with malice aforethought. It is to be noted that state's instruction number five was confusing and misleading because it seemed to tell the jury that it might find appellant guilty of murder, if, at the time the fatal shot was fired, appellant "shot with the deliberate design to take the life of John D. Ratcliff not in necessary self-defense, real or apparent." Malice aforethought is the single most important element of murder. Pitts v. State, 241 So.2d 668 (Miss. 1970); Pendergraft v. State, 213 So.2d 560 (Miss. 1968). It is reversible error to omit from jury instructions some appropriate language advising the jury that to constitute murder, the killing of a human being must be done with malice aforethought. Davis v. State, supra. In the case at bar the jury did not have the benefit of such an instruction even though appellant requested one. Accordingly he is entitled to a new trial.
Reversed and remanded.
GILLESPIE, C.J., and INZER, ROBERTSON and WALKER, JJ., concur.