ROBERTSON, Justice:
Appellant, Robert Looney, appeals from his conviction in the Circuit Court of Rankin County of using obscene, indecent and insulting language over the telephone to Mrs. Jessie Purvis, a married woman, on August 11, 1973. He was sentenced to serve a term of 18 months in the state penitentiary.
The only errors assigned were that:
1. The court erred in refusing to grant a peremptory instruction for the appellant, and
2. The court erred in not declaring a mistrial when evidence of other offenses was allowed in evidence over appellant’s objection.
There is no merit in Assignment of Error No. 2. Appellant recognized this fact because the only error asserted and argued orally before this Court was that the Minutes of the Circuit Court did not reflect an amendment to the indictment changing the date of the offense from August 6th, 1973, to August 11th, 1973.
Appellant contends that in the event he is charged again with this offense of August 11th that he could not plead and prove double jeopardy, because the indictment appears in the Circuit Clerk’s Secret Record Book charging the offense as having been committed on August 6th, 1973.
The copy of the indictment in the record of trial before us shows the typed “6th” lined out and “11th” inserted in ink. The record of trial is completely silent as to the reason for this ink change of date. So far as the record goes, it could have been made in the grand jury room by the grand jury itself. According to the record, all the proof adduced was to prove the commission of the offense on August 11, 1973.
This error was asserted for the first time on appeal to this Court. Mississippi Code Annotated section 99-35-143 (1972), provides in part:
“A judgment in a criminal case shall not be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury, or where the court was held, or that the prisoner was present in court during the trial or any part of it, or that the court asked him if he had anything to say why judgment should not be pronounced against him upon the verdict, or *45 because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, ■ unless the record show that the errors complained of were made grotmd of special exception in that court." (Emphasis added).
In affirming the conviction in Jones v. State, 279 So.2d 594 (Miss.1973), we applied § 99-35-143. In Jones we said:
“Here we note that not only did the appellant fail to note any objection or complaint about the amendment during the trial, but the record affirmatively shows the absence of any objection to the amendment as made. Appellant filed a motion for a new trial before the Circuit Judge but said motion did not refer to the amendment to the indictment, or how the amendment was made, or the failure to timely enter upon the minutes of the court an order authorizing the amendment.
“ . . . He waived his right to urge reversible error so far as the amendment is concerned. The rule is now well established in this state that objections and exceptions, not jurisdictional in nature, cannot be raised for the first time on appeal. Ellis v. State, 254 So.2d 902 (Miss.1971).” 279 So.2d at 595-596.
From the proof adduced, the jury was justified in finding the appellant guilty of using obscene, indecent and insulting language over the telephone to Mrs. Jessie Purvis, a married woman, on August 11, 1973.
Inasmuch as “objections and exceptions, not jurisdictional in nature, cannot be raised for the first time on appeal”, Jones, supra, and inasmuch as the record does not show “that the errors complained of were made ground of special exception in that court”, § 99-35-143, the conviction and sentence must be affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH and SUGG, JJ., concur.