356 So.2d 1182 (1978)
Bobby JONES
v.
STATE of Mississippi.
No. 50627.
Supreme Court of Mississippi.
March 29, 1978.
*1183 Thomas J. Tubb, West Point, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, WALKER and BOWLING, JJ.
WALKER, Justice, for the Court:
Defendant was indicted in Clay County for the crime of robbery. After trial the jury returned a verdict of guilty and the court sentenced Jones to twelve years in the State penitentiary.
On appeal Jones assigns three errors; however, he argues and briefs only that the indictment was not marked "filed" and was not signed and dated by the circuit clerk, and that since these requirements are jurisdictional the trial court had no jurisdiction to try him.
Mississippi Code Annotated section 99-7-9 (1972) under the general heading "Criminal procedure" provides in part:
All indictments must be presented to the court by the foreman of the grand jury, with his name endorsed thereon, in the presence of at least twelve (12) of such jury, including the foreman, and must be marked "filed," and such entry be dated and signed by the clerk. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.
This Court has pointed out on previous occasions that if the statutory requirements of section 99-7-9 (and its predecessors) are not met, it is proper to demur to such an indictment and the demurrer should be sustained. Stanford v. State, 76 Miss. 257, 24 So. 536 (1899) [Code of 1892 § 1346]; Williamson v. State, 64 Miss. 229, 1 So. 171 (1887) [Code of 1880 § 3006]. However, in both of these cases an objection to failure to comply with the statutory requirement was raised at trial and neither based its holding on jurisdictional grounds.
In other cases, we have held that an objection that the clerk's filing endorsement does not appear on the indictment may not be raised for the first time on appeal. Wooten v. State, 155 Miss. 726, 125 So. 103 (1929); Bailey v. State, 156 Miss. 772, 126 So. 476 (1930). See Fairley v. State, 163 Miss. 682, 138 So. 330 (1931); Washington v. State, 78 Miss. 189, 28 So. 850 (1900). Cf. Pruitt v. State, 163 Miss. 47, 139 So. 861 (1932), where we held that an objection that a foreman of a grand jury did not endorse the indictment could not be raised for the first time on appeal. This line of cases clearly indicates that we have not considered the defects complained of jurisdictional but rather as a procedural defect which must be raised by special demurrer to the indictment or it is waived.
This interpretation is reinforced when the statutory scheme is analyzed. Under Mississippi *1184 Code Annotated section 99-7-21 (1972) an objection to an indictment for a defect appearing on its face (e.g., lack of clerk's filing endorsement) must be made by demurrer and provision is made in the statute for amendment, if necessary. Similarly, under the more specific wording of Chapter 11, Jurisdiction and Venue, section 99-11-35 provides:
A person shall not be acquitted or discharged in a criminal case, before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of.
And in Chapter 35 under Appeals, section 99-35-143 provides that no judgment shall be reversed for any "error or omission in the case in the court below," except jurisdictional error, "unless the record show that the errors complained of were made ground for special exception in that court." This statute has been applied to defects in indictments in different circumstances. See, e.g., Looney v. State, 304 So.2d 44 (Miss. 1974); Jones v. State, 279 So.2d 594 (Miss. 1973).
Here on the facts sub judice, the objection to the circuit clerk's failure to comply with the statutory requirement of section 99-7-9 was a procedural objection, not jurisdictional. Further, there was no demurrer to the indictment, nor objection at trial, nor was it raised in a motion for a new trial. We therefore hold that the defendant waived his right to object and may not now do so for the first time on appeal. For the above stated reasons, the judgment of the court below is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.