Raymond Smith was convicted of murder and sentenced by the Circuit Court of Alcorn County to life imprisonment.
Although there are numerous assignments of error designated for reversal, we address only those concerning the granting of certain instructions.
On June 8, 1980, Amos Ergle came from Alabama to the home of Raymond Smith, his cousin, in Alcorn County. Ergle stated to Smith that he was running from the law and was armed. He appeared agitated and wanted something to drink. Upon Ergle's insistence, Smith went with him to purchase some whiskey and vodka. They imbibed and returned to Smith's home where Ergle continued to drink. Afterward Ergle became belligerent and threatened to beat Smith. Smith attempted to get Ergle to use a bedroom and sleep it off, believing the rest would calm Ergle, but this effort was fruitless.
Thereafter Smith, his wife and Ergle visited Smith's mother whose home was next door. After a few minutes Smith's wife returned to her home leaving the appellant; his mother, Mary Lou Smith; and Amos Ergle. Thereafter Ergle began to destroy the furnishings in the home of Mrs. Smith and when she attempted to stop him by entreaty and asked him to leave, he threatened her and refused to leave her house. In this state of affairs the appellant and his mother left the house to return to the appellant's home. While en route Mrs. Smith heard gunshots behind her, turned *Page 1029 
and observed Ergle lying on the ground and her son walking to his home.
Smith testified he shot as Ergle ran toward him. Alluding to events earlier in the day, Smith stated that Ergle had accused him of calling him a "queer," and of complicity in the drowning of Ergle's brother. He also insisted that Smith drive him back to Alabama, threatened to kill him and the entire family, and refused to leave the premises after he had been asked to do so. Under these circumstances Smith stated he thought he had no alternative but to obtain his gun. He testified that when he and his mother left her house that Ergle followed them and his mother cried out that he was coming after them and told him to run but he could not do so because of his physical condition. He then shot Ergle as he could not escape him.
On this testimony Smith was convicted of murder. Being of the opinion the evidence reveals no crime greater than manslaughter, and because the jury was improperly instructed, we reverse and remand for a new trial.
Before addressing the instructions assigned as error and to place them in proper perspective, we think reference to homicide less than murder need be mentioned. The term "justifiable homicide" is commonly understood to mean the killing of another in necessary self-defense under extreme circumstances warranting an acquittal of the accused. Another homicide less than murder is the killing of another in the heat of passion, without malice aforethought and is generally referred to as "manslaughter." It does not justify a homicide as does self-defense but rather reduces the greater crime of murder to the lesser crime of manslaughter because "malice aforethought" is lacking. Manslaughter does not exonerate the homicide but requires a sentence less than that for murder. Mississippi Code Annotated, Section 97-3-35 (1972) provides:
 The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.
It will be noted that every homicide "without malice," and "not in necessary self-defense", and "in the heat of passion" shall be manslaughter. The distinction between murder and manslaughter is that the latter is without malice.
The cogent issue presently before the court is whether instructions S-1 and S-2 properly instructed the jury on the issue of manslaughter. We are of the opinion they did not.
Instruction S-1 provides:
 The defendant, Raymond Smith, has been charged by an indictment with the crime of Murder for having caused the death of Amos Ergle, with the deliberate design to kill Amos Ergle. If you find from the evidence in this case beyond a reasonable doubt that the deceased, Amos Ergle, was a living person, and the defendant, Raymond Smith, did wilfully and of his deliberate design kill Amos Ergle, by shooting the deceased with a deadly weapon, to-wit: a .22 caliber revolver, and that the killing was without authority of law, then you shall find the defendant, Raymond Smith, guilty of Murder.
This instruction directs the jury to find the defendant guilty of murder if Amos Ergle was willfully and deliberately killed by Raymond Smith without authority of law. Of course, a homicide may result from a willful act or deliberate design without being murder if the killing occurs in necessary self-defense or results from an act committed in the heat of passion without malice aforethought. In this case there is no evidence of malice aforethought, but since the killing resulted from an intentional act and was without authority of law, the jury by the above quoted instruction was mandated to find the defendant guilty of murder. The instruction was peremptory to murder, in our opinion, necessitating the case to be reversed unless *Page 1030 
it can be said the instruction was cured by others.
Instruction S-2 provides:
 The Court instructs the Jury that every killing of a human being without authority of law and not in necessary self-defense, is either Murder or Manslaughter; Murder when done with malice aforethought and Manslaughter when done without malice aforethought in the heat of passion and not in necessary self-defense. Thus if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Raymond Smith, shot and killed Amos Ergle, without authority of law and not in necessary self-defense with his malice aforethought then in that event you should find the defendant guilty of Murder as charged. In the event you believe from the evidence in this case beyond a reasonable doubt that the defendant shot Amos Ergle without authority of law and not in necessary self-defense without malice aforethought and in the heat of passion then in that event you should find the defendant guilty of Manslaughter. (Emphasis added.)
On close scrutiny this instruction sets forth the distinction between murder and manslaughter as it refers to "with his malice aforethought" and, in the last sentence, "without malice aforethought and in the heat of passion," and the jury was authorized to find the defendant guilty of manslaughter if the homicide occurred without malice aforethought and in the heat of passion. The problem, as we view it, is that it is contradictory to Instruction S-1 which mandated the jury to find defendant guilty of murder if the homicide was intentional and without authority of law. Or stated differently, the jury first had to decide which of these two instructions correctly portrayed the law. This is a function of the court and not the jury. We therefore think the cause must be reversed for a new trial.
See Cooley v. State, 346 So.2d 912 (Miss. 1977), and Pittmanv. State, 297 So.2d 888 (Miss. 1974). In Patterson v. State,289 So.2d 685 (Miss. 1974), this Court held, "There appears to be some confusion as to this instruction but we point out at this time that any such instruction should make it clear to the jury that `malice aforethought' must pre-exist the infliction of a mortal wound in a murder case." 289 So.2d at 686.
In Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944), it was held:
. . . However, we think that the trial court was in error in not limiting the issue for the jury to the question of manslaughter or justifiable homicide. While malice aforethought is a necessary element in the crime of murder, it does not always follow therefrom that the existence of actual malice at the time of the slaying would necessarily have the effect of rendering a particular homicide a case of murder. A person may be guilty only of manslaughter or justifiable homicide when slaying another even though the accused is made and is bearing ill will toward his adversary at the time of the killing, if the act is done while resisting an attempt of the latter "to do any unlawful act, or after such attempt shall have failed," if such anger or ill will is engendered by the particular circumstances of the unlawful act then being attempted, or the commission of which is then thwarted, and is nonexistent prior thereto. Each case must depend upon its own facts and circumstances. To constitute murder, the malice must precede the unlawful act which is being attempted or committed by the person killed, where the killing is done in resisting his attempt to do an unlawful act. (Citation omitted.) (Emphasis added.)
 196 Miss. at 897, 17 So.2d at 600.
Additionally, complaint is made of Instruction C-5, which follows:
 A person has the right to act in self defense if he has reasonable belief that he is in imminent danger of death or great bodily harm at the hands of another and if you believe that Raymond Smith shot Amos Ergle when he had a *Page 1031 
reasonable cause to believe and did believe that he was in imminent danger of being killed by Ergle or of receiving great bodily harm at his hands, then you will find the defendant, Raymond Smith, Not Guilty.
 However, mere fear, apprehension or belief, however sincerely entertained by one person that another designs to kill him or do him great bodily harm will not necessarily justify the former in shooting the latter. A party may have an apprehension that his life is in danger and believe that the grounds of his apprehension are just and reasonable but the person shooting the other acts at his peril. It is for the Jury to determine the reasonableness of the grounds on which he acted.
Although we do not reverse because of this instruction, we nevertheless call the court's attention to Robinson v. State,434 So.2d 206 (Miss. 1983), which was critical of a similar instruction.
REVERSED AND REMANDED FOR A NEW TRIAL.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.