# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01144-SCT

*SYLVESTER PALMER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/96 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL BY: |
| | W. GLENN WATTS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

On September 25, 1996, Sylvester Palmer pled guilty to the charge of manslaughter as a habitual offender. The plea arose out of an original indictment for murder in violation of Miss. Code Ann. § 97-3-19(1), as a habitual. Hinds County Circuit Court Judge Robert L. Gibbs accepted Palmer's guilty plea after establishing a factual basis for the plea and explaining to Palmer his rights, the mandatory maximum penalty, and the effects of pleading guilty. Judge Gibbs then sentenced Palmer to serve twenty years in the custody of the Mississippi Department of Corrections.

On June 24, 1996, Palmer filed his Post Conviction Motion to Set Aside Judgement [sic] of Conviction and Sentence. Herein Palmer asserted that his indictment was fatally defective and that he received ineffective assistance of counsel due to his attorney's failure to object to the alleged indictment defect. Judge Gibbs denied the PCR motion on the merits, finding that Palmer failed to show that his attorney's performance was deficient, and that the indictment was not defective due to the grand jury foreman's signature following the words "against the peace and dignity of the State of

Mississippi." As he did not receive a copy of this order until August 6, 1996, Palmer filed his Motion for Leave of Court to File Motion for Rehearing Out of Time. Attached was his Motion for Rehearing in which he alleged that Judge Gibbs did not address the issue of his indictment's failure to include the essential element of malice. Judge Gibbs granted the motion for out-of-time rehearing on the ground that the delivery delay was caused by Palmer's transfer to another unit at Parchman. Later Palmer filed his Motion to Alter or Amend Judgment, in which he restated his claim from the Motion for Rehearing regarding the indictment. Judge Gibbs denied this final motion on September 27, 1996, from which order Palmer appeals to this Court.

## I.

## IS THE ABSENCE OF THE WORD MALICE IN THE INDICTMENT FOR MURDER A FATAL DEFECT?

Palmer's argument is that malice is an essential element of murder, and that his indictment fails to either use the word "malice" or imply malice by stating that the murder was committed by use of a deadly weapon. As a part of this argument Palmer also asserts that his counsel's failure to object to this flaw in the indictment rendered his service ineffective.

The State responds that this issue is procedurally barred. It appears from the record in this case that Palmer intended his motion to amend sentence or judgment as a motion for rehearing from the order of September 12. This being so we find it is not procedurally barred as a successive writ.

Having said that, Palmer's argument is still without merit. "The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06. "It is a well-established principle of law that in order for an indictment to be sufficient, it must contain the essential elements of the crime charged." *Peterson v. State*, 671 So.2d 647, 652-53 (Miss. 1996) (*citing May v. State*, 209 Miss. 579, 584, 47 So.2d 887, 887 (Miss.1950)). Palmer was charged with murder in violation of Miss. Code Ann. § 97-3-19(1) (1994). The indictment charged that Palmer "did then and there wilfully, unlawfully and feloniously, without authority of law, kill and murder Martine Mayberry, a human being, with deliberate design to effect the death of Martine Mayberry." The definition of murder under § 97-3-19(1)(a) is "[t]he killing of a human being without the authority of law by any means or in any manner . . . [w]hen done with deliberate design to effect the death of the person killed, or of any human being." Miss. Code Ann. § 97-3-19(1)(a) (1994). The elements are 1) the killing of a human being, 2) without the authority of law, and 3) done with deliberate design.

Palmer cites *Patterson v. State*, 289 So.2d 685 (Miss. 1974), in which this Court stated, "Malice aforethought is the single most important element of murder." *Patterson*, 289 So.2d at 687. He also cites *Buchanan v. State*, 97 Miss. 839, 53 So. 399 (1910), in support of his proposition that omitting the word malice makes an indictment for murder defective. *Buchanan*, 97 Miss. at 840-41, 53 So. at 399-400. However, *Buchanan* was overruled by this Court in *Johnson v. State*, 475 So.2d 1136, 1138-39 (Miss. 1985). As Palmer admits in his brief, this Court has repeatedly held that "malice aforethought" and "deliberate design" are synonymous. *Tran v. State*, 681 So.2d 514, 517 (Miss. 1996). Since the indictment in this case included the words "deliberate design" among the elements for murder, Palmer's argument is without merit.

As the indictment correctly outlined the essential elements for murder including deliberate design, Palmer's attorney did not err in failing to object to the indictment on those grounds. Palmer's argument fails on the first prong of the Strickland analysis.

## II.

## THE EFFECT OF THE GUILTY PLEA.

The State asserts that by pleading guilty Palmer waived the alleged flaw in the indictment. While it is of no moment in this case, the State finds support for its position in our opinion in *Brooks v. State*, 573 So.2d 1350, 1352 (Miss. 1990). However, we have repeatedly and most recently held that there are two exceptions to the general rule that a valid guilty plea waives defects in the indictment: 1) lack of subject matter jurisdiction and 2) failure to charge an essential element of the crime. *Drennan v. State*, 695 So.2d 581, 584 (Miss. 1997); *Fuselier v. State*, 654 So.2d 519, 522 (Miss. 1995); *Banana v. State*, 635 So.2d 851, 853 (Miss. 1994); *Conerly v. State*, 607 So.2d 1153, 1156 (Miss. 1992); *Jefferson v. State*, 556 So.2d 1016, 1019 (Miss. 1989); *see also Durr v. State*, 446 So.2d 1016, 1017 (Miss. 1984) ("omission in the indictment of an essential element of the crime charged is not waived by failure to demur"); *Maxie v. State*, 330 So.2d 277, 278 (Miss. 1976) ("if an indictment does not allege an essential ingredient of the crime charged, . . . such a defect is not waived by failure to demur"). Palmer did not waive any defect in his indictment due to the omission of the essential element of malice by pleading guilty. However, as there was no defect in the indictment, this issue is irrelevant in this case.

## CONCLUSION

Omission of an essential element of the crime is an exception to the general rule that entry of a guilty plea waives any defect in the indictment. However, in this case, the indictment satisfies the requirements for validity by setting out every element of the charged crime of murder, including "malice aforethought" or "deliberate design." Palmer's claims of defective indictment and ineffective assistance of counsel are therefore without merit. We affirm the lower court's denial of post conviction relief in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**