HAWKINS, Justice
for the Court:
The appellant Sylvester Smith appeals from a conviction for armed robbery in the Circuit Court of Washington County and a sentence of 20 years. We affirm.
Smith was indicted at the January Term, 1980, of that court for armed robbery.
*1341 On January 23, 1980, two days after the indictment was recorded, he filed a motion for a speedy trial.
On February 4, 1980, the record reveals he was handed a copy of the indictment and entered a plea of not guilty.
On April 29, 1980, at the April Term he filed a demurrer to the indictment “because the same was never presented unto the court as mandated by Section 99-7-9 of the Miss.Code of 1972.” The demurrer did not allege in what manner the indictment was never presented to the court.
On April 30, 1980, the court entered an order sustaining the motion of the district attorney to amend the indictment, stating therein “the date and month of filing having been omitted at the time of recording of the original indictment.” Also on the same date the court over-ruled the demurrer.
From this record, the only deficiency in the indictment was the omission of the month “January,” and the date, “21,” which the court authorized to be supplied. In this record it is to be noted the bottom portion of the indictment reads as follows:
“Filed 21 day of January, 1980
Recorded 21 day of January, 1980.
Erwin Henderson, Clerk
By: E. Pryor, D. C.”
We can only conclude from the record that prior to the order authorizing the amendment, “21” and “January” had been omitted from the line beginning with the word “Filed.”
Appellant cites Stanford v. State, 76 Miss. 257, 24 So. 536 (1899) in support of his assignment of error the demurrer should have been sustained. In Stanford the indictment was not even marked filed by the clerk, there was a total omission of any notation by the clerk upon which the defendant could know an indictment had been returned against him.
In this case only the month and day were omitted from one line. The defendant clearly had the indictment before him when he made a motion for a speedy trial on January 23, 1980. Also, at the January Term, on February 4, 1980, the defendant was served a copy of the indictment and entered a plea of not guilty. For reasons unknown to this Court the defendant made no objection to the indictment until April 29, 1980.
He clearly was not prejudiced in any way. The court had authority to order an amendment, the only effect of which was to supplement an incomplete date on the face of the indictment.
We therefore hold this assignment of error is not well taken. The other assignment of error was an insufficiency of evidence to warrant a conviction, which we find to be without merit.
The judgment of conviction and sentence is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.